## CITY OF ALBANY *v.* CAMERON & BARKLEY CO.

1. The character of an action is determined by the facts recited in the petition and the nature of the relief prayed, and not by the particular phraseology employed by the pleader ; and where a petition sets out substantially a cause of action of a given kind, a new and distinct cause of action is not added by an amendment striking out words which inaccurately describe the transaction declared on.

2. A contractor was under contract with the City of Albany to bore for it an artesian well.   In order to obtain materials necessary to the completion of his contract, he requested the municipal authorities to pay to a dealer in such materials a portion of the amount that would be due him on the completion of his contract, up to a certain amount.   This sum was in payment for materials already bought but not paid for, as well as for materials subsequently to be purchased.   The city agreed to do this, and so notified the

dealer, who furnished the materials on the faith of this agreement. There was no obligation on the part of the city to pay any money unless the contract was fulfilled, and it was distinctly understood that the money to be paid was only a part of that which would be due to the contractor. *Held,* that the agreement of the city was not a contract of guaranty or suretyship, and was not in contravention of article 7, section 6, paragraph 1, of the constitution of Georgia (Civil Code, § 5891) ; and that a demurrer to a petition containing such allegations was properly overruled.

Argued December 14, 1904. — Decided January 28, 1905.

Complaint. Before Judge Spence. Dougherty superior court. April 4, 1904.

*D. F. Crosland,* for plaintiff in error, cited 1 Dill. Mun. Corp. § 471; 20 Am. & Eng. Enc. L. 1160; Acts 1899, p. 107; *Ga. R.* 53/172; 85/367; 106/722, 733; 59/771; 62/324; 64/290; 81/796; 92/361; 95/747.

*Wooten & Hofmayer,* contra, cited *Ga. R.* 75/434; 113/665; 121/78; 59/765; 28/50; Civil Code, § 2966; Acts 1899, p. 123; Black's L. Dic. 550, 1142; Bouv. L. Dic. 907; 31 Pa. St. 175 (72 Am. Dec. 730); 38 Am. Dec. 669; 20 Wall. 289 (22 L. ed. 264).

CANDLER, J. This case comes up on exceptions to the overruling of a demurrer to the plaintiff's petition, and to the allowance of an amendment over the objection of the defendant that it set up a new and distinct cause of action. The petition makes substantially the following case : Joyce had contracted to bore an artesian well for the City of Albany, and as an incident to the fulfillment of his contract had become indebted to the Cameron & Barkley Company, a South Carolina corporation, on account of material used in the well. After having bored several hundred feet without obtaining a flow of water, it became necessary to change the casing, as that being used was too large to permit of further penetration of the soil; and the contract between the city and Joyce was amended accordingly. Joyce then sought to obtain further supplies from the Cameron & Barkley Company, but that company refused to furnish him any more material unless the City of Albany would agree to protect it against loss on the material that it had already furnished Joyce, as well as on whatever other material he might obtain from it to be used in the construction of the well. Joyce then communicated with the city authorities in writing as follows: " The Cameron & Barkley Com-

pany, of Charleston, S. C., furnished me with a lot of 10-in. drive pipe now in the well in your city; and as I am negotiating with them for the purchase of 7 5/8 well-casing necessary to complete the well, and in order to secure them for a balance still due them on the 10-in. pipe, as well as for the 7 5/8 casing I now need, I wish to make the following arrangement with you in reference to payments which you have for [me] in the future. The amount that I will owe them, including this old balance, as well as for the casing to be ordered, will not be less than $1,500; and I desire that on all future payments that you have for me on account of this well, that you will make over to them half of said amounts; for instance, when the next payment becomes due, you may settle with me for 65%, whatever that amounts to, and send them half of it. In other words, you are to protect them to the extent of $1,500 for material they are to furnish, provided, of course, that I fulfill my agreement with you, and that said amounts are coming to me. Please write them to the above extent and under the above condition." This communication was submitted to the city council, and from a certified copy of an extract from the minutes of that body, attached to the petition, it appears that on motion it was "agreed to, provided the pipe weighed not less than 20 lbs. to foot, and the clerk instructed to notify the Cameron & Barkley Co." The plaintiff was duly notified of the action of the city authorities, and upon the faith of that action furnished Joyce with materials as ordered, until he became indebted to it in a sum stated in the petition. Joyce has completed his contract, having obtained a flowing well, and the city has paid him $4,806.74, leaving a balance due of $1,443.26, more than enough to pay the amount due the plaintiff. Joyce is insolvent, a bankrupt, and a non-resident; and the plaintiff sues the city to recover the purchase-price of the materials ordered by him and used in the construction of the well. In one paragraph of the petition it was alleged that the city, "wishing to have the aforesaid well completed, and knowing that said Joyce was unable to purchase the aforesaid material without its guaranty, agreed to the terms of the communication from said Joyce," etc. The amendment, the allowance of which is assigned as error, substituted for the word "guaranty" the words "agreement hereinafter stated," the objection being that the amendment

changed the suit from one on a guaranty to one based on an un-
dertaking by the city to be bound by an assignment to the plain-
tiff by Joyce of certain amounts thereafter to become due him.
The demurrer was upon the grounds, (1) that the petition set
forth no cause of action, and (2, 3) that the suit was one upon
a contract of guaranty, which was illegal, void, ultra vires, and
in contravention of article 7, section 6, paragraph 1, of the con-
stitution of Georgia (Civil Code, § 5891).

If in reality the agreement relied upon by the plaintiff as the
basis of a recovery was not a contract of guaranty, the mere inci-
dental use of that word in describing the transaction would not
make the petition a suit upon such a contract, and the allowance
of the amendment was not erroneous.  In other words, the trans-
action speaks for itself, regardless of the terminology employed by
the pleader; and as he is not bound in his petition to classify his
action (*McNorrill* v. *Daniel*, 121 *Ga.* 78), he will be allowed to
amend his pleading in order to correct any looseness of phra-
seology that it may contain.  And we are decidedly of the opin-
ion that the contract declared on was not one of suretyship or
guaranty, but was merely an agreement on the part of the city to
be bound by an assignment by Joyce of money that might after-
wards become due him.  A guaranty is an obligation to pay
the debt of another on consideration of a benefit flowing to the
guarantor.  6 Enc. Dig. 811, citing Civil Code, § 2966; *Manry*
v. *Waxelbaum*, 108 *Ga.* 17.  Except incidentally, there was no
obligation on the part of the city in this case to pay the plaintiff
any debt due it by Joyce.  Until Joyce fulfilled his contract and
the city became indebted to him, it could under no circumstances
become liable to the plaintiff.  It undertook to pay not a dollar
in addition to the sum for which it would be bound in any event.
It merely agreed, with the consent of the contractor and at his
request, to divert a part of the amount which it would be due him
upon the fulfillment of his contract, and pay it to the plaintiff.
We can not see that it makes any difference that the sum sued
for was made up partly of money that Joyce already owed the
plaintiff at the time the agreement was made by the city, and
partly of an indebtedness that arose subsequently thereto.  We
know of no legal obstacle to prevent a municipal corporation from
consenting to an assignment, by a contractor with whom it has

business relations, of money that will eventually be due him by the city; and when, on the faith of such consent, money is advanced or property furnished to the contractor, the city is, in law and good conscience, bound to see that the money is returned, or the property paid for, within the amount assigned. The demurrer to the petition was properly overruled.

*Judgment affirmed. All the Justices concur.*