## COHEN, trustee, *v.* GEORGE.

</div>

1. A transfer of property by a corporation in consideration of certain shares of its capital stock, though such transfer might have been void as to existing debts of the corporation, was not void as against subsequent creditors, if not made for the purpose of defrauding those who might become creditors.
2. Moreover, the plaintiff's claim was barred by the statute of limitations.
3. The court did not err in dismissing the case upon general demurrer.

<div align="center">

No. 1303.   JANUARY 16, 1920.

</div>

Equitable petition. Before Judge Meldrim. Chatham superior court. December 31, 1918.

G. M. Cohen, as trustee in bankruptcy of Conida's Chocolate Manufacturing Company, a bankrupt corporation, on August 16, 1918, filed his petition against Jerry George for the recovery of $19,000, alleged to be the value of a certain business and all of its assets, which the defendant, in June, 1907, upon the organization of the corporation under the laws of Georgia, had conveyed to it in payment for 190 shares, of the par value of $100 each, of its capital stock, but which afterwards, in January, 1909, he had taken back from the corporation, by vote of the stockholders, as part of the consideration for a sale by him to the corporation of 160 shares of the stock then held by him in the corporation; he having, in addition to thus conveying his shares of stock, paid to the corporation $1500 in money, and assumed $2,000 dollars of

an indebtedness of the corporation then owing to a bank. The alleged right to recover the $19,000, as shown in the petition, was based upon the facts therein stated, and upon the equitable and legal contention that the sale by the defendant to the corporation of his capital stock was void under the laws of Georgia, because thereby the capital stock of the corporation was reduced below the minimum of its capital fixed in and by its charter; and upon the further proposition that, the corporation being insolvent and having been adjudicated a bankrupt, the trustee in bankruptcy was entitled, by the acts of Congress relating to bankruptcy, to recover from the defendant the value of the property thus illegally obtained by him from the corporation in consideration of his sale to it of his stock in the corporation.

At the hearing of the case special and general demurrers to the petition were urged; and the court rendered judgment sustaining the general demurrer.

*Jacob Gazan,* for plaintiff. *Osborne, Lawrence & Abrahams* and *O'Byrne, Hartridge & Wright,* for defendant.

BECK, P. J. (After stating the foregoing facts.) We are of the opinion that the court did not err in sustaining the demurrer to this petition. As was pointed out in the demurrer, there is no allegation showing that the creditors for whose benefit the trustee in bankruptcy instituted these proceedings were creditors at the time the bankrupt corporation purchased from George the 160 shares of capital stock and reconveyed to him the business which he, at the time of organization, had conveyed to the corporation in payment for the stock. This transaction took place in 1909. There is no allegation that this act was done in contemplation of insolvency or for the purpose of defrauding the creditors. The business of the corporation was continued for a long period, some eight or nine years. And then, even if the retransfer of the business to George and the transfer by him to the corporation of his shares of stock could be regarded as fraudulent as against the then creditors of the corporation, and as void under the trust-fund doctrine which obtains in this State, it was not void as to those who subsequently became creditors, unless the defrauding of those who might become creditors was an end purposed by the parties to the transaction. See, in this connection, *Almand* v. *Thomas,* 148 *Ga.* 369 (96 S. E. 962).

Moreover, if the creditors for whose benefit this proceeding was instituted had been creditors at the time of the transfer, their right of action would have been barred after the lapse of the statutory period, unless there had been some concealment of the transaction, or they had remained in ignorance of it through no negligence on their part. The trustee, relatively to the interposition of the bar of the statute of limitations, stands in no better shoes than the bankrupt; and after four years had elapsed from the time of the transaction complained of, the corporation could not have maintained a suit upon the ground that it had no right to reconvey the business originally conveyed to it by George in consideration of his retransferring to the corporation his 160 shares . of stock.          *Judgment affirmed.    All the Justices concur.*