## TAYLOR LUMBER COMPANY *v.* CLARK LUMBER COMPANY *et al.*

The action in this case is one at law, and not in equity; and in consequence the Court of Appeals has jurisdiction of the writ of error sued out to review the judgment of the court below sustaining a demurrer to the petition as to two of the defendants.

No. 4513.   DECEMBER 16, 1924.

Petition. Before Judge Hardeman. Jefferson superior court. August 14, 1924.

*Roy V. Harris* and *Phillips & Abbot,* for plaintiff.

*Hardeman & Hardeman, M. C. Barwick,* and *R. G. Price,* for defendants.

HINES, J. Has this court jurisdiction of this writ of error? If we have jurisdiction, it is because this suit is one in equity. 10 Park's Code, § 6502; Acts 1916, p. 19. The plaintiff seeks to

recover damages against a firm composed of M. C. Barwick and P. E. Clark, doing business under the firm name of Clark Lumber Company, against Clark Lumber Company, a corporation, and against Barwick individually, for breaches of certain contracts for the sale and delivery of lumber. To the petition the defendants demurred; and the court sustained the demurrer as to two of the defendants. To so much of the judgment as sustained the demurrer as to two of the defendants, the plaintiff excepted. The complaint alleges that "plaintiff brings his petition in this court of equity, joining all parties liable, the effect of which will be to avoid a multiplicity of suits and circuity of action." The allegation that the suit is brought in a court of equity and that the effect of the action will prevent a multiplicity of suits, a consequence which a court of equity, under certain circumstances, seeks to prevent, is not conclusive of the character of the action. Whether an action is one at law or in equity is determined by the allegations of the petition and the nature of the relief prayed, and not by the designation given to the action by the pleader. *City of Albany* v. *Cameron,* 121 *Ga.* 794 (49 S. E. 798).

The petition further alleges that Barwick and Clark, being the only stockholders and the only persons interested in said corporation, and being directors and officers thereof, with full knowledge of plaintiff's contracts for the sale and delivery of said lumber, agreed upon a dissolution of their relations and divided the assets of said corporation, each receiving in said division more than the amount of plaintiff's claim and more than all the liabilities of said corporation, leaving the corporation with no assets whatever and wholly insolvent; that Barwick and Clark received such assets as trustees for plaintiff and other creditors of the corporation; that said dissolution was carried out merely by said agreement and division of assets and with no legal formalities; and that in said dissolution and division Barwick agreed with Clark to assume all liabilities and contracts of said corporation. Some of these allegations would be appropriate in a proceeding in equity to trace the assets of the defendant corporation and to subject them to the claim of the plaintiff, if the petition otherwise made such proceeding proper. The mere allegation that the stockholders and directors of a corporation divided its assets among themselves, thus stripping it of all assets and leaving it insolvent, and that they

held such assets as trustees of creditors, does not make the petition an equitable proceeding, in the absence of other appropriate allegations and appropriate prayers seeking to impress such assets with a trust in favor of the corporate creditors. The only prayer in the petition is for "judgment against all of said defendants, individually, as partners, and against said corporation, for plaintiff's said damages." It is well settled in this State, that, in determining the question whether a case is one at law or in equity, the nature of the relief sought, rather than the form of the allegations of the complaint, is important. So while some of the allegations of the petition are appropriate to a proceeding in equity, the general scope and only prayer thereof seek legal relief. Therefore we are of the opinion that the action is one at law, rather than one in equity; and that in consequence the Court of Appeals has jurisdiction of this writ of error, and that this court is without jurisdiction in this case. The case will be transferred to the Court of Appeals.

*All the Justices concur.*