## MULHERIN *v.* NEELY *et al.,* executors.

Where suit was brought against executors, to recover judgment on various open accounts for advances made to their testator's croppers at his instance and request, which were charged to these croppers on the books of the person making such advances, alleging that the accounts were in fact contracted by the testator, who was liable therefor, and the plaintiff prayed for judgment in the amount thereof against the executors, and where he afterwards amended his petition by praying "for such other or further relief as the nature of the case may require, and to effectuate such relief [the] equity jurisdiction of said court is invoked to protect rights of plaintiff and to afford complete relief," the cause of action if any, was one at law; and the Court of Appeals, and not this court, has jurisdiction of the writ of error brought to review a judgment sustaining a demurrer to the petition.

No. 5835. OCTOBER 14, 1927.

Equitable petition. Before Judge Franklin. Burke superior court. December 18, 1926.

*W. K. Miller* and *E. M. Price,* for plaintiff.

*Fullbright & Burney,* for defendants.

HINES, J. Mulherin brought suit against the executors of R. C. Neely Sr. In his petition he made these allegations: Neely owned and operated various farms containing 16,000 acres. He worked these farms with croppers, who were unable to supply themselves with the necessaries of life while working the farms and making crops thereon for Neely as share croppers. Neely agreed to furnish them the necessary supplies to enable them to work and make such crops for him. He did not make these advances directly, but procured the R. C. Neely Company, of which he was president, stockholder, and general manager, to make them, and agreed to pay that company for all supplies furnished by it to his croppers. As a matter of convenience to Neely, and to save additional bookkeeping, these supplies were charged upon the books of that company to these croppers in their names, each cropper being charged with the supplies furnished to him; but all

---

Actions, 1 C. J. p. 1044, n. 44, 45, 46, 51.
Courts, 15 C. J. p. 1039, n. 55.

these supplies were sold to Neely, and he agreed to pay for them to the Neely Company. This company was adjudged a bankrupt, and a trustee was duly appointed to take charge of its assets for the benefit of its creditors. The trustee, under order of the bankrupt court, sold all the accounts standing in the name of these croppers. These accounts amount in the aggregate to $31,988.77. Mulherin prayed judgment against the executors of Neely for this amount. By an amendment to his petition Mulherin prayed "for such other or further relief as the nature of the case may require, and to effectuate such relief [the] equity jurisdiction of said court is invoked to protect rights of plaintiff and to afford complete relief." To the petition the executors demurred. The trial judge sustained the demurrer, and Mulherin excepted.

Has this court jurisdiction of the writ of error brought to review this judgment? If the petition makes a case in equity, this court has jurisdiction. If it does not make such case, the Court of Appeals has jurisdiction. Whether a petition sets forth an equitable or a legal cause of action depends to some extent upon the character of the relief sought; and where, under the facts stated in a petition, the plaintiffs are entitled to either legal or equitable relief, the question, whether the pleader alleged a cause of action founded upon legal or equitable principles will be determined by the nature of the prayers. *Steed* v. *Savage,* 115 *Ga.* 97 (41 S. E. 272). If the petition sets forth no state of facts which entitle the pleader to relief upon equitable principles, he can not, of course, proceed in equity. *Copeland* v. *Cheney,* 116 *Ga.* 685 (43 S. E. 59). In his petition as originally drawn the plaintiff sought to recover judgment against the defendant executors for the principal sum of $31,988.77, with interest thereon from November 1, 1921, which he claimed to be due him on various open accounts for advances made to the testator, or his croppers, and which were charged on the books of the company making such advances, to these croppers, but that the accounts were in fact against the testator. The plaintiff amended his petition by praying for "such other or further relief as the nature of the case may require, and, to effectuate such relief, equity jurisdiction of" the court "is invoked to protect rights of plaintiff and to afford complete relief."

Whether an action is one at law or in equity is determined by

the allegations of the petition and the nature of the relief prayed, and not by the designation given to the action by the pleader. *City of Albany* v. *Cameron & Barkley Co.,* 121 *Ga.* 794 (49 S. E. 798); *Taylor Lumber Co.* v. *Clark Lumber Co.,* 159 *Ga.* 393 (125 S. E. 844). If the averments of the petition do not make a case in equity, prayers for equitable relief would not make the case one in equity. The prayer for general relief and the invocation of the powers of a court of equity to grant such relief, to protect the rights of the plaintiff, and to afford to the plaintiff complete relief, in the absence of averments which show that the plaintiff is entitled to equitable relief, do not make the case one in equity. *Burress* v. *Montgomery,* 148 *Ga.* 548 (97 S. E. 538). Under the averments of the petition, if it set forth any cause of action, it was one at law, and not in equity; and consequently the Court of Appeals has jurisdiction to review this case, and not this court; and the case is transferred to that court.

*All the Justices concur.*