LONG, trustee, *v.* LYNCH ENTERPRISE FINANCE CORPORATION.

ATKINSON, J. A motion was made to transfer this case to the Court of Appeals, on the ground that that court has jurisdiction and the Supreme Court has not jurisdiction thereof, because "no constitutional question is involved, nor is the case an equity case or one respecting titles to land, or involving the validity or construction of a will, or involving any extraordinary remedy." There is no suggestion of jurisdiction of the Supreme Court upon any ground other than the case is one in equity. When the petition and motion to dismiss are construed in the light of the recitals in the judge's order and exceptions thereto and the recitals in the bill of exceptions, the case is a pure action at law, by the trustee in bankruptcy of the bankrupt corporation against the S. A. Lynch Enterprise Finance Corporation for a money judgment, on account of an alleged conversion of assets of the bankrupt corporation. It is not an equity case. See *Taylor Lumber Co.* v. *Clark Lumber Co.,* 159 *Ga* 393 (125 S. E. 844). A different ruling is not required on account of the decision in *Cohen* v. *George,* 149 *Ga.* 701 (101 S. E. 803), in which no question was raised and no ruling made as to the jurisdiction of this court.

　　　　　*Transferred to Court of Appeals. All the Justices concur.*

　　　　　　　　No. 6555. JUNE 12, 1928.

Petition. Before Judge Humphries. Fulton superior court. February 23, 1928.

A charter was granted on October 6, 1919, in Fulton superior court, for incorporation of the Enterprise Distributing Corporation with a minimum capital stock of two hundred and fifty thousand dollars divided into two thousand five hundred shares of one

hundred dollars each. The minimum capital stock was duly subscribed and paid for, and certificates of stock were issued to the subscribers. S. A. Lynch and three other persons received one share each, and the remaining 2496 shares were issued to "S. A. Lynch Enterprises Inc." The corporation, being duly organized on the date of its charter, proceeded to engage in the business for which it was created. After the lapse of about eleven months a directors' meeting was held on August 11, 1920, at which a resolution was passed authorizing and directing the officers "to gradually liquidate the business and assets of this corporation, and, as and when sufficient money is derived from the sale, leasing, and renting" of the assets, "all of such moneys over and above the expense of operation be applied to the repayment pro rata to the stockholders . . of any and all sums paid into the corporation by them on subscriptions to its capital stock; . . that this process of liquidation be continued . . until all of the capital stock over and above the sum of $25,000 has been redeemed; . . that the certificate of stock held by such stockholder to whom such payments are made shall be surrendered and cancelled." At the time of the passage of the resolution the company was solvent. After passage of the resolution, but before it was carried into effect, the S. A. Lynch Enterprises Inc., in pursuance of a merger agreement transferred its said 2496 shares of stock to the S. A. Lynch Enterprise Finance Corporation, the entire capital stock of which was owned by S. A. Lynch, and the last-named corporation surrendered the original certificate and received a new certificate for said shares of stock. About December 31, 1920, the officers of the said Enterprise Distributing Corporation proceeded to carry into effect the abovementioned resolution. In the course of several weeks they made sales of the assets, from which they received approximately $225,-000 in cash, which was "turned over to S. A. Lynch Enterprise Finance Corporation," for which that company surrendered 2250 shares of the capital stock that had been transferred to it. It also surrendered the remaining 246 shares held by it, but received for these shares a new certificate of stock issued for that number of shares. The company continued in business until on or about March 1, 1926, at which time it was adjudicated a bankrupt. In December, 1926, the trustee in bankruptcy instituted an action in the superior court against the S. A. Lynch Enterprise Finance

Corporation, the S. A. Lynch Enterprises Incorporated, and S. A. Lynch individually. The petition alleged all that is stated above, and the following in substance: The reduction of the capital stock and the resolution purporting to authorize such reduction was illegal, because "no further corporate or State authority was ever granted as required by the laws of Georgia;" and "that in consequence thereof the cancellation of said stock was void," and "that the sale of the property referred to and the diversion of its proceeds was an act of conversion;" that "the proceeds of said sale are now in the hands of defendants, and have been enjoyed and used by them since said sale;" that the transaction was "designed to allow S. A. Lynch to retire and sell his interest in said business," and that he "did receive all of the $225,000;" that during the course of its business the said Enterprise Distributing Corporation became indebted to various creditors whose claims at the date of the bankruptcy aggregated the sum of approximately $150,000, exclusive of interest; and at said time there were practically no assets to satisfy said debts; that by reason of said acts the defendants have been "guilty of a conversion of said assets, and are jointly and severally liable to your petitioner up to the amount of $150,000, which was the total amount of indebtedness at the time of bankruptcy, and that said sums were due to creditors who were defrauded by said illegal reduction of stock and illegal sale." The petition also alleged grant of authority by the court of bankruptcy to bring the suit. The prayers were, for process, and "for judgment in the said sum, together with interest and costs of suit." At the trial term the S. A. Lynch Finance Corporation moved to dismiss the petition, because it failed to allege a cause of action, and because it failed to allege that the indebtedness was created prior to December 31, 1920. At the hearing the court passed the following order: "The within motion coming on to be heard, and counsel for plaintiff having conceded that all the alleged indebtedness . . arose after the completion of the transactions complained of in plaintiff's petition, it is, . . ordered that said motion to dismiss be . . sustained on . . all the grounds thereof and . . plaintiff's petition . . is hereby dismissed." This order was excepted to on the ground that it "was contrary to law and contrary to the principles of equity, in that it is immaterial when the indebtedness . . was created." It is

also stated in the bill of exceptions that "the petition was dismissed by plaintiff's attorneys as to S. A. Lynch as an individual and S. A. Lynch Enterprises Inc.," and that S. A. Lynch Enterprise Finance Corporation was "the only remaining defendant."

*W. D. Thomson, W. B. Cody,* and *Herman Heyman,* for plaintiff.
*Jones, Evins, Moore & Powers,* for defendant.