19089. LONG *v.* LYNCH ENTERPRISE FINANCE CORPORATION.

STEPHENS, J. 1. This being a suit by the trustee in bankruptcy of a corporation, against a stockholder thereof, to recover from the stockholder money paid by the corporation to the stockholder for the purchase of the latter's stock in the corporation, and it appearing, from the allegations in the petition, that the entire indebtedness of the corporation to all the existing creditors represented by the trustee in bankruptcy arose after the purchase by the corporation of its stock as indicated, and there being nothing alleged in the petition tending to show that the purchase was made with the purpose and intent of defrauding the creditors who became creditors only after the purchase, the court, upon the authority of *Cohen* v. *George*, 149 *Ga.* 701 (101 S. E. 803), properly sustained the demurrer to the petition. For a statement of the allegations of the petition, see the decision in this case in 166 *Ga.* 497 (143 S. E. 579), in which the Supreme Court held that it had no jurisdiction to pass upon the questions raised by the demurrer, and transferred the case to the Court of Appeals.

2. The court in passing upon the merits of a case before it for consideration tacitly holds that it has jurisdiction to determine the matters decided, and this tacit holding necessarily stands as an adjudication of the court's jurisdiction in that case, until reversed or set aside in

some proceeding in the nature of either a rehearing of, or an appeal from, that decision. Where the Supreme Court assumes jurisdiction of a case before it, and in passing upon the merits announces a rule applicable thereto, the ruling is no less an authoritative precedent because it may appear from an adjudication of that court in another case that it did not in fact have jurisdiction to pass upon the merits of the former case. Although it may appear from the ruling announced in *Long* v. *Lynch &c. Corp.,* 166 *Ga.* 497 (143 S. E. 579), that the Supreme Court did not have jurisdiction to entertain the case of *Cohen* v. *George,* supra, the ruling announced in *Cohen* v. *George* is nevertheless authoritative as a pronouncement by the Supreme Court in a case in which it had jurisdiction by virtue of its tacit ruling to that effect, unreversed.

3. It not appearing to this court that the ruling laid down in *Cohen* v. *George,* supra, is in conflict with any former or subsequent decision of the Supreme Court, and it being authoritative on the questions here presented, this court follows that ruling, and overrules the motion made by counsel for the plaintiff in error, to certify to the Supreme Court for determination the questions here presented.

*Judgment affirmed. Jenkins, P. J., and Bell, J., concur.*

DECIDED JANUARY 22, 1929.

*W. B. Cody, Herman Heyman, W. D. Thomson,* for plaintiff.
*Jones, Evins, Moore & Powers,* for defendant.