GORMLEY, superintendent of banks, v. SLICER et al.

ATKINSON, J.   1. The facts show essentially an action at law for damages based on tort, without any ground for equitable relief.  Civil Code, § 5128; *City of Albany* v. *Cameron & Barkley Co.*, 121 *Ga.* 794 (49 S. E. 798); *Burress* v. *Montgomery*, 148 *Ga.* 548(3) (97 S. E. 538); *Taylor Lumber Co.* v. *Clark Lumber Co.*, 159 *Ga.* 393 (125 S. E. 844); *McKenzie Trust Co.* v. *Bullard*, 159 *Ga.* 884 (127 S. E. 277); *Mulherin* v. *Neely*, 165 *Ga.* 113 (139 S. E. 820); *Bernstein* v. *Fagelson*, 166 *Ga.* 281 (142 S. E. 862); *Shannon* v. *Mobley*, 166 *Ga.* 430(6) (143 S. E. 582); *Long* v. *Lynch Enterprise Finance Cor.*, 166 *Ga.* 497 (143 S. E. 579); *Mobley* v. *Shannon*, 169 *Ga.* 876 (152 S. E. 255); *Mobley* v. *Faircloth*, 174 *Ga.* 808 (164 S. E. 195, 83 A. L. R. 1201); Higgins *v.* Tefft, 38 N. Y. Supp. 716 (4 App. Div. 62); O'Brien *v.* Fitzgerald, 143 N. Y. 377 (38 N. E. 371); Dykman *v.* Keeney, 154 N. Y. 483 (48 N. E. 894); 21 C. J. 59, § 36. The first question propounded by the Court of Appeals is answered in the negative.

2. The fact that it was alleged in the petition and in the motion to refer the case to the auditor and in the motion to recommit the case to the auditor that the case was one in equity, and that the judge in deciding the case considered that it was in equity and it was so recited in the bill of exceptions, considered in connection with the other facts set forth in the second question propounded by the Court of Appeals, did not make the case one in equity.  The second question propounded by the Court of Appeals is answered in the negative.

3. The action, being of the character indicated, is not one in which the Supreme Court has jurisdiction of the writ of error on the basis that the action was one in equity.  The third question propounded by the Court of Appeals is answered in the negative.

4. The fourth question propounded by the Court of Appeals is answered in the affirmative.  *Shannon* v. *Mobley*, 166 *Ga.* 430(4).

5. The fifth question propounded by the Court of Appeals is answered in the affirmative.  Civil Code, § 5139; *Southern Pine Co.* v. *Dickey*, 136 *Ga.* 662 (71 S. E. 1110); *Sattes-Weimer Lumber Co.* v. *Bowen*, 146 *Ga.* 156 (90 S. E. 861).

*All the Justices concur, except Hill, J., absent because of illness.*

No. 9932.   DECEMBER 14, 1933.   REHEARING DENIED DECEMBER 28, 1933.

*C. N. Davie* and *J. F. Kemp,* for plaintiff.

*Alston, Alston, Foster & Moise, Philip Wellner, John W. Cren-shaw, Frank A. Hooper, Pearce Matthews,* and *Paul S. Etheridge & Sons,* for defendants.