## 23537. HAMMACK v. DAVIS.

JENKINS, P. J. Davis sued Hammack for an accounting for his alleged interest in premiums collected from Hammack's insurance business, which the plaintiff alleged he had conducted for the defendant on an agreed basis of two thirds of the net profits. The plaintiff further alleged that when he left the employment of the defendant, it was expressly agreed that "the defendant would take charge of said business and collect the accounts and make settlement with your petitioner." The evidence was conflicting as to the nature of the contract of employment, but the plaintiff's evidence substantiated the allegations of the petition. It was also conflicting as to whether two thirds of the net profits from premiums actually collected amounted, as the plaintiff testified, to $350.52, or, as the defendant swore, to $270.73. It was undisputed that all the premiums had been collected except five items, amounting to $375.48, two thirds of which was $250.32. The judge instructed the jury in effect that, if they found for the plaintiff, they should include not only the amount due from collected premiums, but also the plaintiff's interest in uncollected premiums. The jury found in favor of the plaintiff for $335.45 cash, representing the interest in collected premiums, and for a two thirds interest in the unpaid accounts, amounting to $250.32. A judgment was entered accordingly, with the direction that the defendant assign to the plaintiff such interest in the unpaid accounts, or in default thereof within 30 days, judgment "is rendered" against him for $250.32. After the judgment, the plaintiff, over the objections of the defendant, amended his petition so as to conform to the verdict. Held:

1. An accounting at law is within the jurisdiction of a city court. Civil Code (1910), § 5128; Burress v. Montgomery, 148 Ga. 548 (97 S. E. 538); Gormley v. Slicer, 178 Ga. 85 (172 S. E. 21). Under the disputed issues of fact, the verdict in favor of the plaintiff was authorized for "$335.45 cash," as found, representing two thirds of the net profits from the premiums actually collected by the defendant. Irrespective of whether or not the other portion of the verdict and judgment, undertaking to fix and determine the plaintiff's interest in the uncollected premiums, and to provide for their transfer or in default thereof for a money judgment, was beyond the powers and jurisdiction of the city court (see Civil Code, § 4518; Hanesley v. National Park Bank, 147 Ga. 96, 92 S. E. 879; Butler v. Holmes, 128 Ga. 333, 57 S. E. 715; Ragan v. Standard Scale Co., 123 Ga. 14, 16, 50 S. E. 951; House v. Oliver, 123 Ga. 784, 51 S. E. 722), this portion of the verdict and judgment was in any event illegal, since the plaintiff by his petition set forth that it was agreed when his employment terminated that "the defendant would take charge of said business and collect the accounts and make settlement with your petitioner;" and consequently, a recovery of this portion of the verdict, under the undisputed evidence and the finding of the jury, representing uncollected premiums, was premature.

2. The special exceptions with reference to the charge of the court are covered by the foregoing ruling.

3. The exception to the admission in evidence of a memorandum of the

assets, liabilities, and other items, making up the plaintiff's claim as prepared by him, shows no prejudicial error. The several items in this account were orally testified to by the plaintiff without objection, and substantially admitted by the defendant, except that he swore that the net profit as shown by his records, which were also in evidence, was only $406.10, of which two thirds would amount to $270.73.

4. The judgment for the plaintiff is affirmed, upon condition that the plaintiff shall write off from the judgment the portion relating to his interest in uncollected premiums, at or before the time when the judgment of this court is made the judgment of the court below; otherwise the judgment will be reversed.

*Judgment affirmed on condition. Stephens and Sutton, JJ., concur.*

DECIDED MAY 22, 1934.

*A. L. Miller,* for plaintiff in error.
*W. H. Burt, Leonard Farkas,* contra.