WILLIAMS *v.* AYCOCK.

No. 10696.   APRIL 11, 1935.

*Tye, Thomson & Tye, R. A. Edmondson Jr.*, and *Edwin L. Sterne*, for plaintiff.

*George B. Rush*, for defendant.

GILBERT, Justice. Williams brought suit in the superior court of Fulton County against Aycock. The petition was dismissed on demurrer, and a writ of error was sued out returnable to this court. "Whether an action is one at law or in equity is determined by the allegations of the petition and the nature of the relief prayed, and

not by the designation given to the action by the pleader. *City of Albany* v. *Cameron & Barkley Co.*, 121 *Ga.* 794 (49 S. E. 798); *Taylor Lumber Co.* v. *Clark Lumber Co.*, 159 *Ga.* 393 (125 S. E. 844). If the averments of the petition do not make a case in equity, prayers for equitable relief would not make the case one in equity." *Mulherin* v. *Neely*, 165 *Ga.* 113, 114 (139 S. E. 820); *Burress* v. *Montgomery*, 148 *Ga.* 548 (97 S. E. 538); *Gormley* v. *Slicer*, 178 *Ga.* 85 (172 S. E. 21) and cit. See *Friedman* v. *First National Bank*, 156 *Ga.* 717 (120 S. E. 13). The petition shows on its face that the plaintiff is in no event entitled to relief other than at law. The facts alleged show no right whatever to an injunction or any other equitable relief. The petition prays for damages in the sum of $5000. It alleges that Aycock is collecting the rents from the property, and refuses to permit plaintiff to reenter the premises to collect the rents. It prays that the plaintiff may "recover all of the damages occasioned to petitioner by the illegal and continuing trespass of defendant; and petitioner further prays for an injunction, both temporary and permanent, against the defendant, enjoining him from collecting the rent from the tenants in said houses or from interfering with plaintiff's collection of said rents." In the petition there is no statement that plaintiff is without an adequate remedy at law, or that he is remediless unless a court of equity intervenes; and of course neither statement would be of value without an allegation of facts to support it. It is not averred that the defendant is insolvent, or that the alleged injury is irreparable in damages, or that there exists any other condition of affairs which would authorize the equity court, in its discretion, to interpose the writ of injunction. See Code of 1933, § 55-104.

The plaintiff claims to be the owner of the realty involved, and the charge is that he was dispossessed from it by the marshal of the City of Atlanta, who put Aycock's predecessor in title in possession. It is alleged that Aycock claims under a chain of title the first link in which is a marshal's deed which is void for stated reasons. The petition is not an ejectment suit. *Cobb* v. *W. & T. Railroad Co.*, 129 *Ga.* 377 (58 S. E. 862). Title is not directly involved. Therefore jurisdiction is not conferred on the Supreme Court on the ground of title to land being involved. *Colley* v. *A. & W. P. R. Co.*, 156 *Ga.* 43 (118 S. E. 712); *Adams* v. *Bishop*, 174 *Ga.* 262 (162 S. E. 531); *Anderson* v. *Anderson*, 151 *Ga.* 518 (107

S. E. 334). There is no prayer that the petitioner be decreed to be the owner, that defendant's deeds be canceled, or that petitioner have a writ of possession. Moreover, the case was filed in Fulton County, whereas the land lies in DeKalb County. The case is merely one at law to recover monetary damages for trespass. According to the petition as a whole, it is an action at law, and this court has no jurisdiction of the writ of error. Accordingly it is ordered that the case be

*Transferred to the Court of Appeals. All the Justices concur, except Russell, C. J., and Bell, J., who dissent.*