25471. ASKINS *et al. v.* FIRST NATIONAL BANK OF BARNESVILLE *et al.*

DECIDED NOVEMBER 21, 1936.

*C. N. Davie, J. F. Kemp, H. J. Kennedy,* for plaintiffs.

*Miller & Lowrey, E. O. Dobbs, Claude Christopher,* for defendants.

BROYLES, C. J. ■ Under the ruling in *Gormley* v. *Slicer,* 178 *Ga.* 85 (172 S. E. 21), and the decisions cited therein, the instant case is not one in equity, and the motion to transfer it to the Supreme Court is denied.

■ In this opinion the First National Bank of Barnesville will be referred to as the "First Bank," the Citizens National Bank of Barnesville, as the "Citizens Bank," and the Federal Reserve Bank of Atlanta, as the "Federal Bank." The bill of exceptions assigns error on the judgment removing this cause to the Federal Court. The petition for removal was based on three grounds: (1) that the action was one in equity, and the matter in controversy exceeds, exclusive of interest and costs, the sum of $3000; (2) that while the receiver of the Citizens Bank is not named in the plaintiff's petition as a party defendant, he is in substance and effect a party defendant, in that he was appointed receiver of said bank before the time when the suit was filed, and was in possession and control of said bank and its assets at the time the suit was filed in this court against these defendants, "as plaintiffs in this case well knew;" and therefore the cause is one of which the Federal courts have original jurisdiction, and is removable thereto; and (3) that the suit is one "of a civil nature in equity, arising under the laws of the United States, of which the district courts of the United States are given original jurisdiction, the same being a suit for winding up the affairs of a national bank, to wit, the affairs of the Citizens National Bank of Barnesville, of which the United States district courts are given original jurisdiction under sec. 41(16) of title 28 of the Judicial Code, and is removable to the United States District Court for the Middle District

of Georgia, Macon Division, Lamar County, Georgia, being within said district and division." Under the preceding ruling that the case is not one in equity, there is no merit in grounds 1 and 3 of the motion for removal.

As to ground 2: The petition in the cause which was ordered removed was brought by a number of individuals, and contained three counts. In all of the counts it was alleged that the plaintiffs were stockholders of the Citizens Bank; that both that bank and the First Bank had for many years been engaged in the banking business in Barnesville; that some time before December 21, 1929, the officers and directors of the First Bank approached the officers and directors of the Citizens Bank with the proposition to merge the two banks into one, or that the assets of the First Bank be purchased by the Citizens Bank; that before this proposition there had been a quiet "run" on the First Bank by its depositors, and the officers and directors of that bank importuned the officials of the Citizens Bank to take over its assets, because the interests of the community could be best served by one bank rather than by two in competition with each other; that the officials of the Citizens Bank declined both of the propositions; that on or about December 21, 1929, both banks were largely indebted to the Federal Bank; that J. A. McCrary at that time was an officer and director of both the Federal Bank and the First Bank; that on December 21, 1929, the capital stock of the Citizens Bank was $50,-000, and its surplus $36,000; that on account of the confidence of the citizens of the community, whom it had served so long and faithfully, it possessed an intangible asset of good will worth more than $50,000; that the officials of the First Bank strongly desired to acquire the assets of the Citizens Bank, and induced the Federal Bank to bring sufficient pressure on the officials of the Citizens Bank to cause them to consent to the merger of the two Barnesville banks. It was also alleged in count 1 that the merger plan was a scheme of the First Bank to obtain control of the assets of the Citizens Bank, which at the time was a solvent and going institution; that on or about December 21, 1929, the First Bank assumed all the obligations of the Citizens Bank, which it paid, and obtained possession of all its assets, thereby destroying the value of its capital stock, its surplus, and its good will; that the consummation of said scheme and the transfer of said as-

sets were without the knowledge, consent, approval, authorization, or direction of the stockholders of the Citizens Bank, or of the bank itself, and that the same was contrary to law, and ultra vires on the part of the Citizens Bank; that the scheme from its inception to its conclusion was carefully concealed from the stockholders of the Citizens Bank, no meeting of the stockholders being called, no vote taken, and no opportunity given to the plaintiff stockholders to express their wishes or exert their influence before the consummation of the scheme; that at the time the Citizens Bank was a solvent and going concern; and that the plaintiffs, because of the illegality of the transaction, were entitled to recover the value of their stock, which included surplus, undivided profits, and good will.

In addition to the foregoing allegations, it was averred in counts 2 and 3 that the value of the assets of the Citizens Bank taken over by the First Bank exceeded $325,000; that the assumption of the liability of the Citizens Bank by the First Bank was a voluntary act by the latter bank, without due authority, that said bank was not entitled to retain said assets, that they should be restored to the plaintiffs and others similarly situated; and that the First Bank should be required to account for such assets, or their value. In count 3 it was further alleged that sometime after December 21, 1929, and after the assets of the Citizens Bank had been taken over by the First Bank, and after the business of the Citizens Bank had been thereby destroyed, those two banks caused a meeting of the stockholders of the Citizens Bank to be held, and therein submitted and sought to have approved a purported contract between the Citizens Bank and the First Bank in which the First Bank agreed, on the request of the Citizens Bank, to lend to that bank $238,997.68 for the purpose of paying off and discharging certain listed liabilities of the Citizens Bank, and, to secure the First Bank for the money so lent by it, it is stated in the contract that "the Citizens Bank has transferred, assigned, . . bargained and conveyed . . to said First National Bank all and singular its assets of every kind and character, wherever situated, including any and all real estate, bills, accounts and notes receivable, cash on hand, and cash items on hand or in transit, credit balances in other banks, and other choses in action, as well as all other kinds and species of property or interest

therein now owned by said Citizens Bank;" that said contract was never approved in accordance with the charter and by-laws of the Citizens Bank, or according to law. In all of the counts it was alleged that since the directors of the Citizens Bank had signed the purported contract and delivered the assets of the bank to the First Bank, it is and would be unreasonable to expect them to bring the present suit. The prayer in count 1 is that the plaintiffs have judgment against the First Bank for the value of their stock, together with the good will value thereof. In count 2 the prayer is that the plaintiffs, and those similarly situated, have an accounting with the First Bank for the assets of the Citizens Bank taken over by it; and in count 3 it is prayed that the First Bank be required to surrender such assets to the plaintiffs and others similarly situated, or to pay them the value thereof.

The petition for removal was brought in the name of the First Bank, and by the Citizens Bank acting through J. B. Downs, its receiver; and it appears from both the original petition and the motion to remove that the receiver was not named in the petition as a party defendant. Therefore the question presented is, was the receiver "in substance and effect a party defendant in that he was appointed receiver prior to the time the suit was filed, and was in possession and control of" the Citizens Bank "and its assets at the time said suit was filed," as alleged in the removal motion? Under 28 U. S. C. A., § 41(16), the Federal courts have jurisdiction "of all cases commenced by the United States, or by direction of any officer thereof, against any national banking association, and cases for winding up the affairs of any such bank." It appears from the record that the domicile of the First Bank is in Lamar County, Georgia, and that in this suit the plaintiffs are seeking an accounting from it for the assets of the Citizens Bank which it took over. In our opinion, the suit is not one for winding up the affairs of either of the two banks. It is disclosed by the record that the real defendant is the First Bank, and that the Citizens Bank is a nominal defendant only, since it was named as a party solely because its directors could not reasonably be expected to bring this suit; and there is no contention by the defendants in error that the object of the suit was to wind up the affairs of the First Bank. It is well settled that in many instances where a national bank is in the hands of a receiver, an action can

be brought in a State court against the bank itself, without joining the receiver. "Since a national bank does not lose its corporate existence upon the appointment of a receiver, a creditor of such bank has the right to sue it in the State court without joining the receiver, and such action is not removable." Neely v. Planters National Bank, 48 Fed. (2d) 266. "Action in State court against insolvent national bank, to obtain reconveyance by bank of real estate to plaintiff, is not removable to Federal court as one 'for winding up the affairs of a national bank,' within Judicial Code, § 24(16), 28 U. S. C. A., § 41(16), where bank's receiver is not joined as defendant, and no relief is sought against him." Barons v. First National Bank, 28 Fed. (2d) 615. "Under Judicial Code, § 28 (28 U. S. C. A., § 71), creditor of insolvent national bank has right to sue bank in State court without joining receiver, and such action is not removable, since suit, though one to establish existence and validity of claim against bank, is not case 'for winding up the affairs of a bank,' which it or the receiver may remove." Moulton v. National Farmers' Bank, 27 Fed. (2d) 403. And in the case just cited the court, after reviewing many decisions, said: "I reach the conclusion that a creditor of an insolvent national bank has the right, under existing statutes, to bring an action against the bank itself in a State court without joining the receiver; and that, while the suit is one to establish the existence and validity of a claim against the bank, it is not, in the absence of the receiver as a named defendant, a case for winding up the affairs of the bank, which it or the receiver can remove to the Federal court."

In the brief of counsel for the Citizens Bank it is admitted that the bank refused to bring this suit. This brief also contains the following argument, which we think is sound: "It is to be observed that there is no prayer for relief in the original petition against the Citizens National Bank; hence the conclusion, above stated, that the Citizens National Bank is but a nominal party. The Citizens National Bank does, however, object to this procedure in so far as its so-called receiver seeks to represent it. The Citizens National Bank, having filed an answer to this suit in Lamar superior court, submitted itself to the jurisdiction of that court. The suit is really one against the First National Bank, asking that bank to account on one of three theories. The First National Bank

took over the assets of the Citizens National Bank either legally or illegally. If the taking of said assets were legal, then it was by virtue of the contract, copy of which is attached to count 3 of the petition. Even so, the First National Bank should account for its acts and doings under and by virtue of the powers granted under that contract, and the Citizens National Bank has no objection thereto. If the taking of said assets were illegal and the contract of no force and effect, then still the suit is but one against the First National Bank, asking it to account therefor; and to this inquiry the Citizens National Bank has no objection. The First National Bank is a resident of Lamar County, and can be sued in the courts of this State for a violation of the terms of any contract to which it may be a party; or it can be sued in the courts of this State and be compelled by said courts to account for any illegal transaction for which it is responsible. We submit that Lamar superior court has jurisdiction of the subject-matter of this suit. Further, we protest the effort of the receiver to 'hog the game.' It is to be noted that it is alleged that all assets of the Citizens National Bank were turned over to the First National Bank. Then what has the receiver to receive? If the position of the First National Bank is correct, it owns all of the assets of the Citizens National Bank, and there is no right or authority in the receiver to take charge of said assets. The Citizens National Bank has a right in such a case as this, even though a receiver has been appointed, to defend this action. It is a resident of the State of Georgia, is subject to the jurisdiction of the courts of this State, and the receiver has no right to either act for it or to select for it the court in which he may wish the issue to be tried. A national bank does not lose its entity because a receiver is appointed. See Bank of Bethel v. Pahquioque Bank, 14 Wall. 383, 398 (20 L. ed. 840); Neely v. Planters National Bank, 48 Fed. (2d) 266, and cases there cited. It has been held by the Supreme Court of Georgia that a bank, even after it had been placed in the hands of the superintendent of banks, still had life, and that it could even revive its charter, and that, too, where the bank was insolvent. *Garrison* v. *Marietta Trust and Banking Co.*, 155 *Ga.* 562 (2) [118 S. E. 48]. There is not a sentence, syllable, or word in the petition from which this court could conclude that the Citizens National Bank was or is insolvent. The very patent reason for the

absence of such an allegation is that if such fact were alleged, it would be untrue. If the Citizens National Bank remains as an entity, then it has a right to defend itself or to submit itself to the jurisdiction of the courts as it sees fit, and no receiver can act for it. For these reasons we agree with the plaintiff in error that the order of the court removing the suit to the Federal court was and is error."

This court is of the opinion that the receiver of the Citizens Bank is not "in substance and effect" a party defendant to this action, and therefore that the second ground in the petition for the removal of this cause to the Federal court is also without merit. The authorities cited in the brief of counsel for the defendant in error, where partly applicable to this case, are distinguished therefrom by their particular facts. It follows, from what we have heretofore said, that the court erred in removing the cause to the Federal court.

*Judgment reversed. MacIntyre and Guerry, JJ., concur.*