32767. PERTHUS *v.* PAUL.

Decided March 9, 1950.

*Dobbs & Whitmire,* for plaintiff in error.

*Kennedy & Kennedy,* contra.

WORRILL, J. The sole question presented by this record is whether the plaintiff's petition sets forth a cause of action as against the general demurrer. In consideration of this question we are inevitably confronted with the necessity of determining the nature of the case made by the pleadings, for, where it becomes material to do so, it is the duty of the court to construe the petition in a way to sustain and not to defeat the action, and it is well settled that, where a petition sets out a cause of action under any legal theory, it is good as against a general demurrer. *Hall* v. *John Hancock Mut. Life Ins. Co.,* 50 *Ga. App.* 625 (2) (179 S. E. 183); *Yopp* v. *Johnson,* 51 *Ga. App.* 925 (2) (181 S. E. 596); *Wometco Theatres Inc.* v. *United Artists Corp.,* 53 *Ga. App.* 509, 511 (186 S. E. 572); *James* v. *Dayton Rubber Mfg. Co.,* 57 *Ga. App.* 511, 512 (196 S. E. 298). "In the absence of a special demurrer . . where the facts alleged are appropriate to support either of two forms of action, the courts will 'presume that [the pleader's] purpose was to serve his best interest, and will construe the pleadings so as to uphold and not to defeat the action.' *Stoddard* v. *Campbell,* 27 *Ga. App.*

363 (3) (108 S. E. 311), and citations." *Henry Cotton Mills* v. *Shoenig & Co.*, 33 *Ga. App.* 467, 470, 471 (127 S. E. 238).

"The nature of an action is not determined by the designation of the pleader. It is, in fact, immaterial by what name he calls his suit or whether he gives it any name at all. The character and classification of an action depends upon the intrinsic contents of the petition, its recitals of fact, the nature of the wrong sought to be remedied, and the quality of the remedy invoked." *Pennington & Evans* v. *Douglas, Augusta & Gulf Ry. Co.*, 3 *Ga. App.* 665 (2) (60 S. E. 485); *Malone* v. *Robinson*, 77 *Ga.* 719 (2a); *City of Albany* v. *Cameron & Barkley Co.*, 121 *Ga.* 794 (1) (49 S. E. 798). "When a transaction partakes of the nature both of a tort and a contract, the party complainant may waive the one and rely solely upon the other" (Code, § 105-105); and "Where a petition can be construed either as a suit in contract or as an action for a breach of duty *arising out of* the contract, the latter construction will be adopted." *Wall* v. *Wall*, 176 *Ga.* 757 (2) (168 S. E. 893). See also *Central of Ga. Ry. Co.* v. *Chicago Portrait Co.*, 122 *Ga.* 11 (2) (49 S. E. 727), and *Henry Cotton Mills* v. *Shoenig & Co.*, supra. Under these rules of construction we think that it is clear that the plaintiff's petition must be construed as setting forth a cause of action in tort for fraud and deceit. It shows a right in the plaintiff and a violation of that right by the defendant from which certain damage to the plaintiff is alleged to have resulted, and there is a prayer for punitive or exemplary damages "by reason of wounded feelings and embarrassment and of aggravation in the act and intention of the defendant," which is only appropriate to an action ex delicto. Therefore, as we construe the petition in this case, the allegations sound in tort, making out a case for fraud and deceit, and the case is not one for breach of contract to marry, and it becomes immaterial to determine whether the contract to marry, as alleged in the petition, was a binding contract for which a suit for a breach thereof could be maintained either in Georgia or in Massachusetts. For these reasons the trial court did not err in overruling the general demurrers.

*Judgment affirmed. Sutton, C. J., and Felton, J., concur.*