## 59852. DUDLEY v. MONSOUR.

Banke, Judge.

The plaintiff appeals a judgment for the defendant in a breach of contract suit brought to collect for services rendered in preparing plans for the renovation of three buildings. The defendant also prevailed on a counterclaim for the return of $1,000 which she had already paid the plaintiff for the work. The basis for these rulings was a finding that the contract was void under Code Ann. § 84-321 because the plaintiff, who is an interior designer, was not licensed to perform architectural work.

Within 30 days after judgment, the plaintiff filed a motion to set aside contending that the judgment was not supported by the evidence. This appeal is from the denial of that motion. The defendant has moved to dismiss, contending that the denial of a motion to set aside is not appealable as a matter of right. *Held:*

1. It is clear that the denial of a motion to set aside is appealable as a matter of right. *Shannon Co. v. Heneveld,* 235 Ga. 635 (221 SE2d 200) (1975); *Johnson v. Barnes,* 237 Ga. 502 (1) (229 SE2d 70) (1976). Accord, *Morgan v. Berry,* 152 Ga. App. 623 (263 SE2d 508) (1979). However, inasmuch as the plaintiff's motion was filed within 30 days of the entry of judgment and is based on the alleged lack of evidence, we shall treat it as a motion for new trial. Accord, *Carolina Tree Svc. v. Cartledge,* 96 Ga. App. 240 (2) (99 SE2d 705) (1957); *Sherman v. Floyd,* 99 Ga. App. 446 (108 SE2d 753) (1959). The motion to dismiss the appeal is denied.

2. The appellant contends that he was not required to be a registered architect to perform the work because of the following provision in Code Ann. § 84-321: "No person shall be required to register as an architect in order to make plans and specifications for or supervise the erection, enlargement, or alteration of . . . any one- or two-family residence buildings, regardless of cost . . ." Although neither side has argued or briefed the issue, it seems clear that the plaintiff has the burden of proving that he is entitled to such an exemption, for to rule otherwise would be to require that any defendant in a suit to collect for professional services negate every possible exception to the applicable licensing statute in order to raise the statute as a defense. Accord, *Management Search, Inc. v. Kinard,* 231 Ga. 26, 29 (199 SE2d 899) (1973).

The plaintiff testified that three structures were involved, one at 519 Boulevard, one at 523 Boulevard, and one at 527 Boulevard. He did not indicate whether they were one- or two-family residences and offered no other evidence on the issue other than the plans themselves. However, the plans were admitted as a group, and most of them do not specify which structure they relate to. From our examination of the documents, it appears that the structure at 527 Boulevard was designed to serve as commercial office space as well as a residence and thus would not fall under the exemption. The structure at 523 Boulevard does appear to be a one- or two-family residence. The structure at 519 Boulevard is not identified on any of the plans, while there are other plans which clearly relate to structures which are not involved in this litigation at all. Since the fee sought by the plaintiff was not apportioned at trial among the three structures, and since not all of them were shown to be one- or two-family residences, we hold that the trial court was correct in

finding that the plaintiff was not exempted from the licensing requirement.

*Judgment affirmed. McMurray, P. J., and Smith, J., concur.*

ARGUED MAY 7, 1980 — DECIDED JUNE 13, 1980 —
REHEARING DENIED JULY 14, 1980.

*Sharman M. Meade,* for appellant.
*Claude E. Hambrick,* for appellee.