A89A1428. MORGAN v. MORGAN.
(388 SE2d 2)

SOGNIER, Judge.

Linda Barrows Morgan filed suit in the Superior Court of Fulton County to have her marriage to C. Dennis Morgan annulled and to recover damages on a claim of fraudulent inducement to marry. Following a nonjury trial at which Mr. Morgan did not appear, the trial judge entered findings of fact and conclusions of law, annulled the marriage between the parties, and entered judgment in favor of Ms.

Morgan in the amount of $30,000 in compensatory damages, $90,000 in punitive damages, and $5,000 in attorney fees. Mr. Morgan now appeals from the denial of his motion to set aside the damages portion of the judgment.

1. We note that appellant's notice of appeal was filed on December 22, 1983, when the denial of a motion to set aside a judgment was appealable as a matter of right. *Dudley v. Monsour*, 155 Ga. App. 269, 270 (1) (270 SE2d 686) (1980); compare OCGA § 5-6-35 (a) (8) (Ga. Laws 1984, p. 599, § 2). The clerk of the superior court has certified to us that the delay in transmittal of the instant record to this court was attributable to "stress of work" and "inadvertence" in the clerk's office. See OCGA § 5-6-43 (a).

2. Appellant first contends the trial court did not have subject matter jurisdiction of this action because it was in essence a complaint for divorce or annulment, which could not be maintained because neither party had resided in Georgia for six months prior to the filing of the complaint as required by OCGA § 19-5-2. However, as this appeal originally was filed in the Supreme Court of Georgia and was transferred to this court "on the ground that it is an appeal from a judgment awarded in tort," we have no jurisdiction to consider this enumeration.

3. Appellant also challenges the trial court's jurisdiction over him, contending that he was not properly served with process and that he was not a Georgia resident at the time the action was filed and served.

The record reveals that appellee's complaint was filed on April 2, 1981, and the return of service executed by the deputy sheriff indicates that appellant was personally served at his Alpharetta residence on April 6, 1981. In his affidavit filed in support of his motion to set aside the verdict, appellant averred that he moved to Florida "just prior to April 1, 1981," where he remained until moving back to Georgia in May 1982, that when he visited his father in Atlanta on April 8, 1981 his father gave him the complaint filed by appellee, and that the complaint was not served upon him or any member of his family at the Alpharetta address. Nonetheless, as appellant filed an answer and counterclaim on May 1st in which he stated that he "[was] not a resident of Fulton County, Georgia and [was] not subject to the jurisdiction of [the trial] court" but did not raise the issue of insufficiency of service of process by either his answer or a motion, the defense of insufficient service was waived. *Weddington v. Kumar*, 149 Ga. App. 857 (256 SE2d 141) (1979).

As to appellant's denial of personal jurisdiction, the Georgia Long-Arm Statute, the applicable terms of which have not been changed since this action was filed, authorizes personal jurisdiction over a nonresident if he "[c]ommits a tortious act or omission within

this state." OCGA § 9-10-91 (2) (former Ga. Code Ann. § 24-113.1 (b)). "The term 'nonresident' shall . . . include an individual . . . who, at the time a claim or cause of action arises under Code Section 9-10-91, was residing . . . in this state and subsequently becomes a resident, domiciled . . . outside of this state as of the date of perfection of service of process. . . ." OCGA § 9-10-90 (former Ga. Code Ann. § 24-117). The trial court found, and appellant admits, that at the time appellant induced appellee to marry him (despite the fact that he was not divorced from his current wife), appellant was a Georgia resident. Thus, as the tortious act was committed within the state and appellant apparently became domiciled in Florida for a brief period just before service was perfected, there existed sufficient connection with this state to satisfy the "minimum contacts" requirement imposed by the due process clause of the United States Constitution, compare *Yarbrough v. Estate of Yarbrough*, 173 Ga. App. 386-387 (326 SE2d 517) (1985), and the trial court properly exercised personal jurisdiction over appellant. See *Edelschick v. Blanchard*, 177 Ga. App. 410, 411 (2) (339 SE2d 628) (1985).

4. Appellant contends in three enumerations that Georgia does not recognize the tort of fraudulent inducement to enter into a void marriage, and that appellee's claim was in reality an impermissible complaint for compensatory and punitive damages in a divorce or annulment action. We do not agree, as Georgia courts have recognized that one who is induced to enter into a marital relationship under false pretenses has a common law tort action for fraud and may recover damages. *Perthus v. Paul*, 81 Ga. App. 133, 136 (58 SE2d 190) (1950); see *Schmitt v. Schneider*, 109 Ga. 628, 631 (35 SE 145) (1900). Appellant's further argument that such an action is barred by the doctrine of interspousal immunity, see OCGA § 19-3-8, is similarly without merit because appellant concedes that he was already married to someone else at the time he proposed to and married appellee, and thus there was no valid marriage to protect by application of the doctrine of interspousal tort immunity. See OCGA §§ 19-3-1; 19-3-2 (3); 19-3-5; compare *Robeson v. Intl. Indem. Co.*, 248 Ga. 306, 307 (1) (282 SE2d 896) (1981).

5. Appellant also enumerates as error the trial court's failure to grant his motion to set aside on the ground that appellee's claim of fraud was based upon representations—i.e., his assertions to her that he was divorced—that she either knew or by the exercise of ordinary diligence could have determined were false. "While a party must exercise reasonable diligence to protect himself against the fraud of another, he is not bound to exhaust all means at his command to ascertain the truth before relying upon the representations." *Johnson v. Sherrer*, 197 Ga. 392, 395 (29 SE2d 581) (1944). We find the lower court, as the trier of fact, was authorized by the evidence to find ap-

pellee exercised the ordinary diligence required. Appellant's argument that one who is planning to marry should be required to ascertain from the courthouse records whether the prospective spouse is already married is wholly without merit. Thus, we find no reversible error.

6. Appellant next contends the trial court erred by failing to set aside the judgment after appellee filed an affidavit requesting the court to so rule. The record reveals that judgment was entered against appellant on June 23, 1981, and appellant's motion to set aside was filed on December 13, 1982 and denied by an order entered November 14, 1983. Thereafter, the record contains an affidavit made by appellee dated December 19, 1983 and filed nunc pro tunc as of that date in which she "request[ed] that the judgment [against appellant] be set aside," and that she was "seeking to have said judgment set aside to relieve [appellant] of the financial burden that such judgment would place upon him if allowed to stand."

We find no abuse of discretion in the trial court's denial of the motion to set aside on this issue, as it does not involve either a jurisdictional plea or a nonamendable defect not appearing on the face of the record, see OCGA § 9-11-60 (d); *Archer v. Monroe*, 165 Ga. App. 724, 725 (2) (302 SE2d 583) (1983), and there is no evidence the trial court was even aware of appellee's apparent desire to have the judgment set aside until after the court ruled on appellant's motion. Further, although when a judgment is not based upon a jury verdict the trial court may exercise its discretion to set aside the judgment even if the motion is not based on a defect appearing on the face of the record, such a motion must be made during the term of court in which the judgment was rendered, *Martin v. Gen. Motors Corp.*, 226 Ga. 860, 862-863 (1) (178 SE2d 183) (1970), which did not occur here. However, we note that a litigant may waive a right to execute upon a judgment, see generally *Philips Audio &c. Corp. v. Bateman*, 160 Ga. App. 12 (285 SE2d 747) (1981), provided there is no impairment of any interest of another in the judgment, see *J. C. Penney &c. Ins. Co. v. Williams*, 149 Ga. App. 258, 261 (1) (253 SE2d 878) (1979), and thus this remedy possibly is available to the parties regardless of the trial court's ruling.

*Judgment affirmed. Banke, P. J., and Pope, J., concur.*

DECIDED OCTOBER 12, 1989 —
REHEARING DENIED OCTOBER 26, 1989 — 

*Tyrus R. Atkinson, Jr.*, for appellant.

*Jones, Brown & Brennan, Taylor W. Jones,* for appellee.