## ALBRIGHT, for use, etc., *v.* AMERICAN CENTRAL INSURANCE Co.

GEORGE, J. The plaintiff recovered a judgment against the defendant insurance company, in an action at law on a contract of fire insurance, in the superior court of Fulton county. Thereafter the plaintiff applied to the judge of said court for the appointment of a receiver, under the Civil Code (1910), §§ 2420, 2421, to take charge of and to sell so many of the bonds of the defendant, on deposit with the State treasurer, as might be necessary to satisfy his judgment. Thereupon the defendant filed a motion to set aside the verdict and judgment upon the grounds: (1) that the verdict and judgment were obtained by fraud; (2) that the suit in which such verdict and judgment were rendered was not legally in default, and the trial judge erroneously so considered it, and permitted the case to be called out of its regular order on the docket, without notice to the defendant, and the verdict and judgment to be rendered. The prayers were, that the verdict and judgment be set aside; that the defendant be allowed to plead to the suit, and that the receiver be restrained from selling any of its bonds. There was no prayer for process. On the hearing of this motion the court vacated the verdict and judgment, ordered the case to be reinstated, and permitted the defendant to plead thereto, expressly basing his decision upon the second ground of the motion. The plaintiff excepted, and a writ of error was brought to the Court of Appeals. The Court of Appeals, by formal order, transferred the writ of error to the Supreme Court; and the question is one of jurisdiction. *Held:*

1. That courts of law and equity have concurrent jurisdiction to set aside a judgment for fraud; especially when the proceeding for that purpose is instituted at the same term of the court at which the judgment was rendered. *Ford* v. *Clark*, 129 *Ga.* 292 (58 S. E. 818).

2. That the proceeding in which the receiver was appointed was not a suit in equity, and did not involve an extraordinary remedy, within the meaning of the constitutional amendment approved August 19, 1916 (Acts 1916, p. 19).

3. That the receiver appointed under the provisions of §§ 2420, 2421, supra, is in effect an administrative officer of the court, with limited power; and the restraint of such receiver amounts to no more than direction by the court to a statutory administrative officer of that court.

4. Accordingly, this court being without jurisdiction, the case will be transferred to the Court of Appeals, which has jurisdiction.

DECEMBER 21, 1917.

Writ of error; from Fulton.

*James L. Key,* for plaintiff.

*Smith, Hammond & Smith,* for defendant.