GLOBE & RUTGERS FIRE INSURANCE COMPANY *v.*
SALVATION ARMY OF GEORGIA *et al.*
CHANDLER *v.* SALVATION ARMY OF GEORGIA *et al.*
HERNDON *et al. v.* SALVATION ARMY OF GEORGIA *et al.*

Nos. 9798, 9799, 9800. NOVEMBER 16, 1933.
REHEARING DENIED DECEMBER 13, 1933.

*G. Eugene Ivey,* for Globe & Rutgers Fire Insurance Co.
*Jones, Fuller, Russell & Clapp,* for Chandler.
*Hendrix & Buchanan,* for Herndon et al.
*M. J. Yeomans, attorney-general, B. D. Murphy,* and *J. T. Goree, assistant attorneys-general,* for State Treasurer.
*Sol I. Golden, John R. Curran, Herbert J. Haas, B. S. Boley, Cotterill, Hopkins, Bryan & Ward, M. H. Collier, Tidwell & Brown,* for Salvation Army and other parties.

GILBERT, J. By its petition filed on March 27, 1933, the Salvation Army sought to recover $1239, alleged to be due to it on account of "unearned premiums" on policies issued to it by the Globe & Rutgers Fire Insurance Company. It alleged that the company had become insolvent and unable to pay its obligations; that its affairs and all its assets in the State of New York had been placed in the hands of a receiver appointed by the Supreme Court of New York; that in compliance with the statutes of this State the company had on deposit with the State treasurer securities of the value of $10,000, and also had in this State other assets consisting of accounts due to it; that the company was indebted to other residents of Georgia, to some because of claims for unearned premiums, and to others because of liability under policies of insurance issued by it. On behalf of itself "and all other persons having claims in the State of Georgia against said company," the

petitioner prayed that a receiver be appointed to take possession of the deposit held by the State treasurer, and other assets in the State belonging to the company; that all persons having claims in this State against the company, "who desire to participate in the above-mentioned assets, be required to intervene in this action; and that all such persons be restrained and enjoined from prosecuting any other actions against said company or its assets and deposits in the courts of this State;" and for general relief. The court appointed a temporary receiver.

Davis, Adams, and Gross filed a petition seeking to recover portions of premiums on policies held by them. Herndon and Sikes, Commercial Credit Company and H. B. Samuels, I. Goldstein, and Mrs. T. S. Chandler filed petitions seeking recovery for losses alleged to have been covered by policies of the insurance company. The suits of Davis, Adams, and Gross, that of Commercial Credit Company and Samuels, and that of I. Goldstein were by order of the court consolidated with the suit of the Salvation Army.

Herndon and Sikes and Mrs. Chandler intervened "for the sole purpose of demurring to the petition," for the reasons (1) that it does not state a cause of action; (2) that it does not appear that Salvation Army is a creditor by reason of loss on any fire insurance policy, and it does appear that the suit is for an alleged debt; (3) that it is not shown that petitioner belongs to the class of creditors for whose benefit the deposit of $10,000 was made with the State treasurer for the protection of losses sustained by policyholders, or that petitioner has any right to bring said bill for any class of creditors; (4) that it does not appear that losses sustained by the holders of policies do not exceed the amount of the deposit with the State treasurer, and therefore it does not appear that the Salvation Army has any right or lien on said fund which would entitle it to bring the petition on behalf of itself and other creditors.

The Globe & Rutgers Fire Insurance Company demurred on the grounds (1) that the petition does not state a cause of action, legal or equitable; (2) that it does not appear that the claim of petitioner is for a loss on a policy of insurance written by the company in Georgia, and therefore it does not appear that the claim of petitioner is within the class of claims for which the deposit was made as a guaranty fund with the State treasurer.

All demurrers were overruled, the receivership was made per-

manent, and "all persons having claims in this State against" the company, "who desire to participate in the assets coming into the possession of the receiver," were "required to intervene in this action," and all such persons were "enjoined from prosecuting any other action against" the company. The court vacated a previous order providing that the temporary receiver should not apply to the State treasurer for surrender of the bonds on deposit. The Globe & Rutgers Fire Insurance Company assigns error upon each of these rulings. Herndon and Sikes and Mrs. Chandler by separate bills of exceptions assigned error on the same judgment.

In view of the decision in *Albright* v. *American Central Insurance Co.,* 147 *Ga.* 492 (94 S. E. 561), the jurisdiction of this court might be doubted; so that important question will first be considered. The *Albright* case differs from this, in that there were no other or conflicting claims to the bonds held by the State treasurer involved in that case. The case before the court was whether the original judgment against the insurance company should be set aside on account of fraud. If the original judgment was rendered in a suit at law, then the jurisdiction of the issue made by the motion to set aside was not within the jurisdiction of this court. On the other hand, if the original case in which the judgment was rendered was an "equity case" or involved an "extraordinary remedy," then this court had jurisdiction. The court held: "That the proceeding in which the receiver was appointed was not a suit in equity, and did not involve an extraordinary remedy, within the meaning of the constitutional amendment approved August 19, 1916." Civil Code (1910), § 6502. The court also held: "That the receiver appointed under the provisions of §§ 2420, 2421, supra, is in effect an administrative officer of the court, with limited power; and the restraint of such receiver amounts to no more than direction by the court to a statutory administrative officer."

If the present suit is construed to be brought strictly within the provisions of §§ 2420, 2421, 2422, this court would be without jurisdiction, according to the ruling in the *Albright* case. A claim for unearned premiums does not fall within the provisions of § 2420. Under the express language of that statute, the bonds are to secure "any loss insured against," and unearned premiums do not fall under the terms "loss insured against." Counsel for the Salvation Army in their brief state: "It is true that those parties who

have sustained fire losses under policies issued by the defendant fire-insurance company are preferred in any distribution of the bonds deposited with the State treasurer. Gelsey v. Cogswell, 112 Fed. 599." But they contend: "However, those parties whose claims against the defendant fire-insurance company arise by reason of unearned premiums have a right to share in the bonds deposited with the State treasurer, after the claims of those parties sustaining fire losses have been satisfied." The Code, § 2422, provides statutory methods for the relief of those who suffer "any loss insured against." Therefore it is obvious that a proceeding based solely upon the section cited would not be in equity and would not afford this court jurisdiction.

We come then to the question whether the petition seeks to make an "equity case" based upon the general principles of equity, and not dependent upon the statute. Of course the name given to a petition, such as "a bill in equity," "a case in equity," etc., is not conclusive. "Bills in equity," strictly or technically speaking, were abolished by the Code, § 5508, and by the act of 1887 known as the uniform-procedure act (§ 5538), where it is provided that "all suits in the superior court for legal or equitable relief, or both, shall be by petition." The character must be determined by the allegations and prayers of the petition. *Burress* v. *Montgomery,* 148 *Ga.* 548 (97 S. E. 538); *Taylor Lumber Co.* v. *Clark Lumber Co.,* 159 *Ga.* 393 (125 S. E. 844); *Alsabrook* v. *Prudential Insurance Co.,* 174 *Ga.* 637 (153 S. E. 706); *Spence* v. *Miller,* 176 *Ga.* 96, 98 (167 S. E. 188). The petition alleges that it proceeds for a class. Suits may proceed for a class, under the Civil Code (1910), §§ 5414, 5415. The petition prays that the court require other creditors, as described, to intervene. "Courts of equity shall have authority to appoint receivers to take possession of and protect trust or joint property and funds, whenever the danger of destruction and loss shall require such interference." Civil Code (1910), § 5476. "Where property has been placed in the hands of a receiver, all persons properly seeking to assert equitable remedies against these assets should become parties to the cause by intervention and prosecute their remedies therein." § 5478. The petition filed by the Salvation Army undertakes to have a receiver appointed to take charge not only of the bonds held by the State treasurer, but "other assets located in this State." It also alleges

that the suit is brought on behalf of petitioner and all other persons having claims in the State against the company. It prays for the appointment of a receiver, and that all other persons, not intervenors in this case, "be restrained and enjoined from prosecuting any other actions against said company or its assets and deposits in the courts of this State." Construing the petition as a whole, we rule that the allegations and the prayers are sufficient to bring the case within the jurisdiction of this court. Whether the allegations and the prayers are sufficient to afford the relief sought is another question, distinct from the matter of jurisdiction.

■ The court erred in overruling the demurrers. "The power of appointing receivers and ordering injunctions should be prudently and cautiously exercised, and except in clear and urgent cases should not be resorted to." Civil Code (1910) § 5477. "A court of equity may appoint a receiver to take possession of, and hold subject to the direction of the court, any assets charged with the payment of debts, where there is manifest danger of loss, or destruction, or material injury to those interested." § 5479. It can not be held, under the facts alleged and the law applicable, that, as to the bonds sought to be placed in the hands of the receiver now held by the State treasurer, "there is manifest danger of loss or destruction or material injury to those interested." All parties interested are safeguarded under the law. The bonds must be held by the State treasurer until they are turned over, under order of the superior court, to some officer acting for the court. In such circumstances all parties who have suffered a loss "insured against," having claims against the company payable out of the bonds, may become parties to any case pending in the court, seeking to subject the bonds, and make known their claims, as provided in the Code, § 2422. The plaintiff in the present petition, not being within the class of persons holding claims for losses insured against (§ 2420), can not base its claim on that statute. Not having any lien of any kind against the company, and not alleging that the bonds amount to more than a sufficient sum to pay those losses "insured against," it fails to make a case for a receiver. We do not overlook the allegations that the company is insolvent and a non-resident, and that "there are other assets in the State and other claims against" the company, or the allegations and prayer with reference to requiring

all other parties similarly situated to intervene in the case. These allegations, except as to insolvency and non-residence, are too vague and uncertain to authorize a court to grant the extraordinary relief of injunction and receiver. Even if there are other parties, it is not alleged who such parties are, nor with reasonable certainty the basis of their claims, nor their interest in the assets, nor that such other parties are lienholders or occupy any other legal position authorizing the grant on their petition of the relief prayed for.

To entitle one to the extraordinary and harsh remedy of injunction and receiver, a clear legal right to the same must be alleged and shown. Where, as in this instance, the only property identified and pointed out as the property of the defendant is $10,000 in bonds deposited with the State treasurer as provided by statute, and the petition fails to show that petitioner has any interest therein, the remedy sought will be denied. This is true, notwithstanding the insurance company is insolvent and non-resident. The burden is on the petitioner to allege an interest that requires a resort to equity for its protection. The statute fixes definitely the purpose of the deposit and the class of creditors for whose benefit the same is required. Mere silence as to the existence of such creditors and the amount of their claims will not take the place of affirmative allegations. Although an insurance company is insolvent, non-resident, and has made a deposit under the statute, a creditor having no interest in such deposit can not obtain an injunction and receiver. Receivers must be paid. Payment comes out of the assets seized, and lessens the amount that remains available for distribution among those legally entitled to preference. Unless all necessary facts are shown, including the fact that the bonds amount to more than enough to pay losses insured against, and unless the preferred class ask for and show legal cause for a receiver, the court should not make such appointment. The court erred in overruling the general demurrers to the petition in so far as the petition sought extraordinary equitable relief and the appointment of a receiver.

*Judgments reversed in part and affirmed in part. All the Justices concur.*

### ON MOTION FOR REHEARING.

Suit was brought by Salvation Army to subject bonds deposited by Globe & Rutgers Fire Insurance Company with the State treas-

urer to its claim for unearned premiums on policies of insurance, the insurance company having become insolvent. Davis, Adams, and Gross filed a similar suit, and by order of the court this suit was consolidated with the suit of Salvation Army. Herndon & Sikes and Mrs. Chandler held claims against the insurance company on account of losses under insurance policies. The insurance company demurred to the petition of Salvation Army, on the ground that its claim was not one insured against, and not such a claim as is contemplated by the statute requiring the deposit of the bonds. Herndon & Sikes and Mrs. Chandler intervened in the suit of Salvation Army against Globe & Rutgers Fire Insurance Company, solely for the purpose of demurring to the petition. Their demurrers presented the same questions raised by the demurrer of Globe & Rutgers Fire Insurance Company.

By motion for rehearing Davis et al. undertake to make it appear that separate demurrers were filed by the insurance company, Herndon & Sikes, and Mrs. Chandler, as to the petition in the suit by Davis et al. The court below made one order overruling all demurrers. The insurance company sued out one bill of exceptions, Herndon & Sikes sued out another, and Mrs. Chandler sued out a third, all complaining of the ruling overruling their demurrers as to the petition of Salvation Army. In the motion for rehearing as amended it is contended that the writ of error should have been dismissed, because two separate cases were brought to this court by a single bill of exceptions. No motion to dismiss was previously made; but if the court is without jurisdiction, the case may now be dismissed. Three separate parties in the same case sued out separate bills of exceptions involving the same questions, and they were decided together by this court. Another case, Davis et al. against Globe & Rutgers Fire Insurance Company, is also shown by this record to have been consolidated with the Salvation Army case before the trial court. Although the petition of Davis et al. is mentioned in the bill of exceptions and is brought up as a part of the record, and although the caption of the bills of exceptions include Davis et al., there is no assignment of error in either of the bills of exceptions complaining of the overruling of the demurrers to the Davis petition. In the motion for rehearing it is insisted that no exceptions have ever been taken to that ruling. Therefore the construction of movants, defendants in error, coincides with the

construction of this court; that is, that the present bills of exceptions do not complain of the ruling in the case of Davis et al. v. Globe & Rutgers Fire Insurance Company. This court has no other information in regard to that matter. Thus construed, we have one judgment overruling three demurrers to the petition of Salvation Army against Globe & Rutgers Fire Insurance Company. The three demurrers were filed by distinct and separate parties, and each of the three distinct parties filed a writ of error bringing their separate cases to this court, and all three have been decided by this court, the questions being the same.

The position of movants seems to be, that, although only one order was made overruling the demurrers, it was in fact a separate judgment in each of the two suits of Salvation Army v. Globe & Rutgers Fire Insurance Company, and that of Davis, Adams & Gross against the insurance company; and that, because only the ruling upon the demurrers to the petition in the Salvation Army case was brought here, this court did not have jurisdiction to decide the question made in those bills of exceptions, and that they should have been dismissed, because the insurance company, Herndon & Sikes, and Mrs. Chandler did not also bring to this court the ruling on the demurrers as to the petition of Davis and others. The court is requested to require the clerk of the superior court to send up the demurrer by Globe & Rutgers Fire Insurance Company in the suit of W. L. Davis, C. L. Adams, and Sid Gross, and the report and inventory of the receiver of Globe & Rutgers Fire Insurance Company. The motion to dismiss is denied. The request to require the records mentioned above to be sent to this court is denied, because the decision here is solely on the demurrers to the petition of Salvation Army. The report of the receiver and the demurrers to the petition of W. L. Davis, C. L. Adams, and Sid Gross can have no possible effect on the present decision.

The judgment heretofore rendered merely held that the court erred in overruling the general demurrers to the petition. On motion for rehearing our attention is called to the fact that judgments were sought for unearned premiums, in addition to the extraordinary equitable relief. When the case was being considered, the whole pressure of the case was upon whether or not the petitioners were entitled to extraordinary relief by way of the appointment of a receiver. The petitions do not contain a prayer for

common-law judgment for unearned premiums, and this is frankly admitted in the motion for a rehearing. However, it has several times been held that even though no prayer for a judgment was made for any amount claimed to be due, yet a prayer for general relief, together with the facts alleged, was sufficient to authorize a money judgment. *Broderick* v. *Reid,* 164 *Ga.* 474 (139 S. E. 18). The petitions, in so far as they sought common-law judgments for unearned premiums, were not subject to be dismissed on general demurrer. It was error to overrule the demurrers to the petition, in so far as equitable relief, including that of a receiver, was concerned. *Teasley* v. *Bradley,* 110 *Ga.* 497 (4), 505 (35 S. E. 782, 78 Am. St. R. 113) ; *Douglas* v. *Jenkins,* 146 *Ga.* 341 (91 S. E. 49, Ann. Cas. 1918C, 322) ; *Terry* v. *Chandler,* 172 *Ga.* 715 (158 S. E. 572), and cit.                    *Rehearing denied.*