TRAVELERS INSURANCE COMPANY *v.* BUMSTEAD *et al.*

No. 10629. JUNE 13, 1935.

712

*Neely, Marshall & Greene,* for plaintiff in error.

*John M. Slaton, Ben C. Williford,* and *James J. Slaton,* contra.

BECK, Presiding Justice. This case involves the application of section 2 (d) of the Georgia workmen's compensation act as

amended in 1922 (Ga. L. 1922, p. 185), reading in part as follows: "When an employee coming under provisions of this act receives an injury for which compensation is payable under this act, and which injury was caused under circumstances creating a legal liability in some person other than the employer to pay damages in respect thereto, the employee, or beneficiary, may take proceedings both against that person to recover damages and against the employer for compensation; but the amount of compensation to which he is entitled under this act shall be reduced by the amount of damages recovered. If the employee, or beneficiary of the employee, in such case recovers compensation under this act, the employer by whom compensation was paid, or the party who has been called upon to pay the compensation, shall be entitled to indemnity from the person so liable to pay damages as aforesaid, and shall be subrogated to the rights of the employee to recover therefrom, to the extent of the compensation." It is true that in this act it is provided that "the party who has been called upon to pay the compensation shall be entitled to indemnity from the person so liable to pay damages as aforesaid, and shall be subrogated to the rights of the employee to recover therefrom, to the extent of the compensation," and in this way the doctrine of subrogation is involved, and the application of the doctrine of subrogation of this kind involves certain equitable principles. Nevertheless they are not involved in such a way as to render this a "case in equity" in the meaning of that expression in the constitution defining the jurisdiction of the Supreme Court; nor does it fall under any of the other heads fixing the jurisdiction of this court. Consequently the case must be transferred to the Court of Appeals as the only court having jurisdiction. *Albright* v. *American Central Ins. Co.,* 147 *Ga.* 492 (94 S. E. 561); *Watkins* v. *Woodbery,* 148 *Ga.* 249 (96 S. E. 338); *Taylor Lumber Co.* v. *Clark Lumber Co.,* 159 *Ga.* 393 (125 S. E. 844); *Mobley* v. *Shannon,* 169 *Ga.* 876 (152 S. E. 255).

*Transferred to Court of Appeals. All the Justices concur, except Hutcheson, J., disqualified.*