14418

PETITION OF STATE *EX REL. HUTCHINSON*

(189 S. E., 475)

370

*Messrs. Tompkins & Tompkins, for petitioner,*

*Messrs. Bennett & Carroll,* for respondent,

*Mr. Neville Bennett,* for N. W. Edens, Receiver,

*Messrs. Thomas, Lumpkin & Cain,* for defendants.

January 22, 1937.

The opinion of the Court was delivered by MR. JUSTICE FISHBURNE.

On October 2, 1936, the Circuit Court of Marlboro County, upon the application of David Donald Carroll, plaintiff in the above action, appointed a receiver for the securities deposited with the insurance commissioner of South Carolina by the Pacific Mutual Life Insurance Company of California. A temporary restraining order also issued from the Marlboro County Court, enjoining and restraining any and all other persons having claims against the insurance company by virtue of policies of insurance from proceeding in any other manner against the company except in such action. The securities were highway bonds of Spartanburg County, and were deposited by the insurance company pursuant to Sections 7947, 7967, and 7991 of the Code of Laws of 1932. Under the order of the Court the securities were delivered to the Receiver by the State insurance commissioner, but the Receiver was directed to take no other steps until the further order of the Court.

By permission, this proceeding was brought in the original jurisdiction of the Supreme Court by the petitioner, Manly Eskew Hutchinson who seeks a writ of prohibition to prohibit further proceedings by the Circuit Court of Marlboro County in the case of *David Donald Carroll v. The Pacific Mutual Life Insurance Company of California et al.,* and particularly to declare void the action of that Court in appointing a Receiver to take charge of the fund deposited with the insurance commissioner of this State for the protection of policyholders. It appears that the petitioner and the plaintiff in the Marlboro County action are both policyholders of the Pacific Mutual Life Insurance Company of California, and hold the same type of insurance contract. It also appears that this foreign insurance corporation was

adjudged insolvent by the superior Court of the County of Los Angeles, in the State of California on July 22, 1936, and all of its property and assets were placed in the hands of the defendant, Samuel L. Carpenter, Jr., State insurance commissioner, as conservator.

The questions raised will be considered without special reference to the pleadings.

The major contention of the petitioner is that under the statutes of South Carolina providing for the licensing and regulation of insurance companies, and particularly by the three sections of the Code already referred to, the plaintiff, David Donald Carroll, was required to bring his action for the appointment of a receiver to administer the securities on deposit with the insurance commissioner in the Court of Common Pleas for Richland County, rather than in the Circuit Court for Marlboro County. It is asserted by the petitioner that the remedy provided in Section 7991 is an exclusive statutory remedy and provides the only procedural method by which this fund may be taken from the custody of the insurance commissioner of this State, unless it shall appear that the insurance company had ceased to do business in this State, and that there are no claims against the securities.

Section 7991, which was enacted in 1908, after specifying that the insurance commissioner shall take and hold any trust funds of domestic insurance companies necessary for the purpose of complying with the laws of other states in which they may do business, continues as follows: "* * * and he may return to the trustees or other representatives authorized for that purpose, of a foreign insurance company, and deposit made by such company, when it shall appear that such company has ceased to do business in the State and is under no obligation to policyholders or other persons in the State for whose benefit such deposit was made. An insurance company which has made a deposit in this State, pursuant to this chapter, or its trustees or resi-

dent managers in the United States, or the State Insurance Commissioner, or any creditor of such company may, at any time, bring, in the Circuit Court for the County of Richland, an action against the State and other parties properly joined therein, to enforce, administer or terminate the trust created by such deposit. The process in such action shall be served on the officer of the State having the deposit, who shall appear and answer in behalf of the State and perform such orders and judgments as the Court may make in such action.

It is argued by the plaintiff, Carroll, that Section 7991 is not an exclusive statutory remedy, but merely affords another mode of relief which is cumulative.

Whether a statutory remedy is exclusive or merely cumulative is ordinarily dependent on the intention of the Legislature, as shown by the express terms of the statute prescribing the remedy. The requirement that a foreign insurance corporation deposit with a state official funds or securities as security for its obligations being statutory, the remedy by which a creditor may reach the deposit depends largely upon the language and provisions of the statute. A review of the authorities indicates a considerable disagreement as to the remedy available, where there are no explicit statutory directions in this regard. As shown by the annotation on this question appearing in 101 A. L. R., 496, the course most frequently pursued by creditors to reach funds or securities deposited by a corporation with a state official as security for its obligations, and the one most generally approved by the Courts, is that of application for the appointment of a resident receiver of the corporation.

The petitioner in this action insists that the Court of Common Pleas for Richland County, as provided in that portion of Section 7991 which we have quoted, is the exclusive forum in which an action may be brought "to enforce, administer or terminate the trust created by such deposit." And he seems to assume as a major premise

that under this section of the Code the State insurance commissioner is in effect the statutory receiver for all defunct insurance companies coming under his supervision. It is argued that the funds and securities in question constitute a trust in the hands of the insurance commissioner, to be administered by him in accordance with the statutes made and provided, and that to allow a receiver to take them in hand would destroy the purpose for which they were created.

We are unable to agree that Section 7991 does any more than provide an alternative or cumulative remedy. It provides that certain persons "may, at any time, bring, in the Circuit Court for the County of Richland, an action * * * to enforce, administer or terminate the trust created by such deposit." It is to be noted that there is no language in this section of the Code suggesting or declaring that the method of procedure therein outlined shall be mandatory or exclusive; there are no words of negation or prohibition which prohibit the other Circuit Courts of the State from entering jurisdiction. It would seen reasonable to conclude that, if the Legislature had intended to give the Circuit Court of Richland County exclusive jurisdiction in actions of this kind, it would have used apt words, clearly indicating such intention.

It has generally been held that a statutory remedy to enforce a new right or liability created by the same statute is exclusive unless the statute clearly shows a contrary intention. Such an exclusion, however, depends upon the creation of a new right.

In 1 C. J. S., Actions, § 6, p. 976, it is said: "Where a statute prescribing a remedy does not create a new right or liability, but merely provides a new remedy for an independent right or liability already existing, the general rule is that the remedy thus given is not regarded as exclusive but as merely cumulative of other existing remedies, and does not take away a pre-existing remedy, or, as more specifically stated, if a statute gives a new remedy in the af-

firmative, and contains no negative, express or implied, of the old remedy, the new remedy is merely cumulative; and, in such a case, the party having the right may resort to either the pre-existing or the new remedy, except that he cannot resort to inconsistent remedies.   *   *   *'' Also see 1 Am. Jur., Actions, § 12.

The section of the Code under discussion does not provide a new right or create a new cause of action, but merely provides a cumulative remedy.

Under Section 584, par. 4, of the Code of Laws, 1932, it is provided that a receiver may be appointed "when a corporation has been dissolved, or is insolvent, or in imminent danger of insolvency, or has forfeited its corporate rights; and, in like cases, of the property within this State of foreign corporations."

By authority of this section, the power to appoint a receiver is vested in every Circuit Court of the State, and we do not find anywhere in the body of our law any limitation upon this authority, or any repeal of the provisions of this section, express or implied.

Section 7966 of the Code of 1932, enacted in 1910, subsequent to the enactment of Section 7991, vests in the insurance commissioner the right of free access to books, records, etc., whenever a receiver has been appointed for any company under his supervision. It provides: "The insurance commissioner in every case in which any Court in this State has appointed a receiver for any company under the supervision of the insurance commissioner, upon his filing a petition for intervention, shall have free access to the official books and papers of such receiver as to all matters connected therewith, during the progress of said cause, and if, in his opinion, the receiver has failed in his duty in any way the insurance commissioner shall have the right to certify the same to the Court."

It will thus be seen that there are express references to the possibility and probability of receiverships in the vari-

ous Courts in the State involving insolvent insurance companies.

We are satisfied that under well-recognized rules of interpretation the statute (Section 7991) does not provide an exclusive remedy.

The procedure followed by the Circuit Court of Marlboro County has the sanction of the weight of authority, as shown by the decisions from other jurisdictions, as will be seen by reference to the annotated note to 101 A. L. R., 499.

It was held in *Phillips v. Perue* (1921), 111 Tex., 112, 229 S. W., 849, 851, that upon the application of resident creditors of a foreign casualty insurance corporation, which for the purpose of pursuing its business in the State, had complied with the statute by depositing with the State Treasurer a certain sum in securities, but had withdrawn from the State, leaving the deposit with the treasurer, without complying with a statutory requirement that bond be given for the protection of outstanding contracts upon such withdrawal, the Court had the power to appoint a receiver to take charge of the deposit with the State Treasurer, and also to disburse such deposit through its receiver rather than through the treasurer. In that case it was said: "The law makes no provision for the Treasurer's converting the deposit into money, or for its distribution in the case of numerous claimants. To make an equitable distribution under such conditions was peculiarly within the province of a Court of Equity. The appointment of the receiver was but in aid of the efficient exercise of its powers. The Court had the authority to appoint a receiver of its own selection, and we can see no objection to its ordering the disbursement of the fund by him, rather than through the Treasurer."

In this connection, attention is called to Re Casualty Company of America (1923), 206 App. Div., 314, 200 N. Y. S., 639, arising out of the same factual situation, in which the right of the Texas Court to appoint the receiver

was recognized; and the Court said that the law stated in the decision in *Phillips v. Perue (Tex), supra,* was in conformity with the law of New York. Also see *State v. Mapel* (Tex. Civ. App., 1933), 61 S. W. (2d), 149, and *Globe & R. F. Ins. Co. v. Salvation Army* (1933), 177 Ga., 890, 172 S. E., 33.

In addition to what we have said, it will be noted ∎ that the statute (Section 7991) provides no procedure by which the State insurance commissioner may discharge any duties as Receiver unless he should happen to be appointed a Receiver under the authority of the Court of Common Pleas for Richland County. Under the statute, the insurance commissioner is merely the custodian of the fund. In case of insolvency of the depositing insurance company, the administration, liquidation, and distribution of this trust fund could be carried out only under the orders of the Court. Standing alone, the statute provides no machinery or method except judicial process, by which the State insurance commissioner can convert the securities held by him into cash, or otherwise do anything in regard thereto except to hold it in custody. This fund which was deposited with him is undoubtedly a trust fund for the benefit of the policyholders of the Pacific Mutual Life Insurance Company of California. *Wise v. Carolina Hail Ins. Co. et al.,* 108 S. C., 504, 94 S. E., 535.

We perceive no sound reason in the light of our statutory enactments why this fund may not be equitably and economically administered and distributed under receivership proceedings such as have been instituted by the plaintiff, Carroll, in the Circuit Court of Marlboro County.

The petition is dismissed, and the writ of prohibition denied.

Mr. Chief Justice Stabler and Messrs. Justices Carter and Baker concur.

Mr. Justice Bonham dissents.

Mr. Justice Bonham (dissenting).

I am constrained to dissent in this case solely for the reason that I think the Legislature, for good reason, intentionally provided that cases of this nature should be brought in Richland County, and that the provision is exclusive.