March 24, 1939. The opinion of the Court was delivered by
Prior to November 16, 1937, the Auto Mutual Indemnity Company, a corporation of the State of New York, was engaged in the writing of liability insurance in the State of South Carolina, and on November 16, 1937, in the action of Marion Jordan against said company, Jesse T. Reese, Jr., was duly appointed Receiver to take over its assets, and qualified as such Receiver. The order appointing the Receiver directed him as an officer of the Court to take charge of and disburse according to law the securities, amounting to Ten Thousand ($10,000.00) Dollars, which the said Auto Mutual Indemnity Company had posted with the Insurance Commissioner of South Carolina, for the protection of policyholders and judgment creditors in accordance with Sections 7947 and 7967 of the Code of 1932. Paragraphs three and four of the order appointing the Receiver are as follows:
"3. That all creditors and all others are hereby restrained and enjoined from proceeding against the defendant, Auto Mutual Indemnity Company of New York, or against any of its assets in the State of South Carolina upon any cause of action whatsoever, except in this action. *Page 42 
"4. And it is further ordered that the said Jesse T. Reese, Jr., as Receiver, do forthwith advertise in some newspaper published in the City of Columbia, South Carolina, once a week for four successive weeks, giving notice to all creditors and others having claims against the defendant, the Auto Mutual Indemnity Company of New York, to file such claims with him, duly itemized and verified, within sixty (60) days from the date hereof, and to come into this action and reduce same to judgments, or otherwise such claims shall be forever barred."
Petitioner-respondent had procured a judgment against one Harry B. Sloan, a policyholder with the above named defunct company, and after the appointment of a Receiver, procured a judgment against the company, which is the first judgment entered of record. Various other judgments were thereafter procured and entered against Auto Mutual Indemnity Company, and in addition a number of claims have been allowed, which have not been formally reduced to judgment.
Petitioner-respondent duly petitioned the Court asking that his judgment be paid from the assets in the hands of the Receiver (the proceeds of the $10,000.00 bond posted with the Insurance Commissioner) upon the ground that said judgment was the first judgment entered in the State of South Carolina against said company. The petition further alleges that the sixty days provided for the filing of claims with the Receiver had expired and that there were sufficient funds to pay all of the claims which constitute a lien under the statute by reason of which the bond was filed.
The defendant-appellant herein, by its Receiver, answered and by way of return denied that petitioner-respondent was entitled to have his judgment paid in full for that there were no judgments entered prior to the receivership, and that all judgments and claims entered after the receivership are of equal rank, and that the proceeds on hand should be disbursedpro rata among all creditors. And the Receiver asks *Page 43 
that the Court consider all claims against the Auto Mutual Indemnity Company as reported and issue its order directing the Receiver how claims should be paid.
The record discloses that the judgments entered will consume the $10,000.00 fund, after costs are paid, and that in addition claims have been allowed amounting to about $10,000.00.
The only question properly before the Court in this case is: Whether petitioner-respondent is entitled to have his judgment paid in full from the proceeds of the securities filed with the Insurance Commissioner of South Carolina. His is the first judgment entered, and is upon the policy ofinsurance.
Section 7947 of the Code of 1932 provides that surety companies before being licensed to do business in the State must meet certain requirements — deposit with the Insurance Commissioner a bond or approved securities in the sum of Ten Thousand ($10,000.00) Dollars, conditioned to pay any judgment entered up against any such company in any Court of competent jurisdiction in this State, and such judgment shall be a lien upon the bond or securities.
Section 7967 of the Code of 1932, is as follows: "It shall be unlawful hereafter for any insurance company or association to transact any business in this State unless possessed of at least one hundred thousand dollars of surplus or capital, or in lieu thereof, shall file with the Insurance Commissioner the certificate of the official of some state of the United States, under his hand and official seal, that he holds on deposit or in trust, for the benefit of all policyholders, ormembers of such company or association, securities worth at least one hundred thousand dollars, or in the absence of such capital or deposit, then to deposit with the Insurance Commissioner of South Carolina valid securities aggregatingten thousand dollars, or a bond for said amount, made by a solvent security company, said Insurance Commissioner to be the judge of validity of such securities and *Page 44 
bond, which bond shall be conditioned to pay any judgment entered up in any Court of competent jurisdiction in this State upon a policy of insurance issued to any citizen of this State by any such company, and said judgment shall be a lien upon such securities." (Italics added.)
Without reference to Section 7967 just above quoted, but under the facts of this case, and the holding of this Court in Powers v. Fidelity DepositCompany of Maryland, 180 S.C. 501, 186 S.E., 523,525, and the cases therein cited, petitioner-respondent is entitled to have his judgment paid in full from the trust fund in the hands of the Receiver of respondent-appellant.
In Wise v. Carolina Hail Ins. Co., 108 S.C. 504,94 S.E., 535, 536, this Court held that Sections 7947 and 7967 of the Code were not repugnant; that when construed together relative to a dispute between claimants under policies of insurance issued by the insolvent company and general creditors, "the deposit of securities that was made is first applicable to the payment of the claims of policyholders and members of the corporation * * *," and this holding in the Wise case is cited and affirmed in the very recent case of Petition of State ex rel. Hutchinson, 182 S.C. 369,189 S.E., 475, 478, where the Court says: "This fund which was deposited with him (Insurance Commissioner) is undoubtedly a trust fund for the benefit of the policyholders * * *."
The record does not contain sufficient information for this Court to pass upon the priorities of the other claimants.
A judgment obtained upon a policy of insurance issued by Auto Mutual Indemnity Company would take preference over a judgment obtained by a general creditor not upon the policy of insurance, even though entered at a later date, when for the collection thereof resort is necessary to the securities filed with the Insurance Commissioner for the reason that such fund is primarily for the protection of policyholders — a trust fund for this purpose. *Page 45 
The order appealed from insofar as it affects petitioner-respondent, I.M. McCabe, is affirmed.
MR. CHIEF JUSTICE STABLER and MESSRS. JUSTICES BONHAM and FISHBURNE concur.
MR. JUSTICE CARTER did not participate on account of illness.