CARTER *et al. v.* MOYD *et al.*

No. 12934.   SEPTEMBER 16, 1939.

*C. L. Shepard* and *Memory & Memory,* for plaintiffs in error.

*Shelton, Pharr & Long, Hooper & Hooper, William S. Shelfer,* and *Duke Davis,* contra.

GRICE, Justice. It affirmatively appears that Lloyds America has no assets in this State except the securities on deposit with the State treasurer, under the Code, § 56-301, as amended by the acts of 1935 (Ga. L. 1935, p. 149) and 1937 (Ga. L. 1937, p. 705). Moyd has no judgment against the insurance association. Long's claim is in judgment, but its basis is a claim for legal services rendered by him to the association. Moyd's claim is for one thousand dollars, besides interest from February 14, 1939; Long's claim is for $1250, with interest from March 16, 1939, plus court costs. The face value of the bonds on deposit is $10,000. It is not claimed by Moyd or by Long that the bonds are more than sufficient to pay the losses which were insured against by Lloyds America. Neither the petition of Moyd nor that of Long made a case which authorized the appointment of a receiver for the securities on deposit with the State treasurer. Under the express language of the statute, the bonds are to secure "any loss insured against." *Globe & Rutgers Fire Insurance Co.* v. *Salvation Army,* 177 *Ga.* 890, 892 (172 S. E. 33). The bill of exceptions contains the recital of an agreement between counsel that Long's petition was based on a judgment in favor of T. J. Long against Lloyds America, for legal services rendered by the plaintiff to the defendant in said case. Long is not entitled to have his judgment satisfied out of the proceeds of the bonds, in the absence of a showing that the total amount of the losses "insured against" is less than the value of the deposit. Whether, even with such a showing, he is entitled to the relief sought is a question not before us. We do not overlook the contention of counsel that by the final provision in the act of 1937, supra, it was specifically provided that

the deposit by insurance companies with the treasurer was subject to any judgment rendered against such company or companies. We do not so construe the provision. Its language is as follows: "And provided further, that such deposits heretofore, or hereafter made shall be subject to any judgment rendered against such company or companies." If this proviso was intended to repeal the provision of the Code, § 56-302, which limits the purpose of the bonds deposited to payment of such judgments as represent losses insured against, the General Assembly took a very roundabout way to accomplish this end. No mention of the Code, § 56-302, is made, and there is nothing in the caption to indicate any purpose other than to amend this act of 1935, supra. That act applied only to fire, marine, and inland insurance companies. The caption of the act of 1937 indicates a purpose to apply the act to life, indemnity, and casualty companies, and to provide that "in all cases where a domestic or non-resident life-insurance company is being liquidated under receivership, or otherwise, the policyholding claimants shall have preference over any common or unsecured claims." The act of 1935 amended the Code, § 56-301, and attempted to do nothing more. The act of 1937 purports only to amend the act of 1935. The Code, § 56-301, did not attempt to prescribe the class for whose benefit the deposit was created, while §§ 56-302 and 56-304, which were not mentioned in the act of 1937, do specify the class. We are of the opinion that the legislature did not intend by this one-sentence proviso to alter the existing law so as to provide that as to participants in the bond deposits judgments for salaries, wages, rentals, and every other conceivable character should stand on the same footing as judgments on policies issued by the company. We think that the word "judgment" means the class of judgments the deposit was intended to protect. To construe it otherwise would raise the serious question whether the body of the act did not contain matter different from that expressed in the title.

Moyd had no judgment at all. He is praying for one in his petition. It is true that he has suffered a "loss insured against;" but it is argued that his claim is equivalent to a judgment, first, because the amount is liquidated by a judgment against the insured; second, because the insurer stands in the position of a vouchee; and third, because the insurer would be estopped to de-

fend a suit on the claim. The Code section here involved makes a judgment a prerequisite to the receivership contemplated thereby, not a liquidated claim not in judgment. And the judgment referred to must be one not against the policyholder, but against the insurer. Therefore Moyd is not within the class entitled to pray for a receiver under the Code, § 56-302. But it is argued that, independently of this section, he is under general equitable principles entitled to a receiver. Regardless of other reasons that might be urged, another provision of law prevents it. The Code, § 56-223, is in part as follows: "Before any insurance company chartered under the laws of this State or doing business in this State shall hereafter be put in the hands of a receiver by any court of equity, upon any claim or demand not in judgment, it must first appear that the cause of complaint and the matters and grounds upon which the receivership is sought have been submitted by the complainant to the insurance commissioner." Here again counsel present the argument that Moyd's claim is in judgment within the meaning of the section. The answer to the insistence is that the judgment there referred to is a judgment against the insurance company. A liquidated demand not in judgment will not take the place of a judgment. Neither of the defendants in error having any right to a receivership, it was erroneous for the court to compel the plaintiffs in error to interplead in their suit, and to enjoin them from proceeding with their own suit in the city court of Brunswick. Whether or not, even if the receiver was properly appointed, the court was justified in enjoining the plaintiffs in error from proceeding in another court with their suit at law, in which they only seek a money judgment against the insurer, though argued extensively and forcefully by counsel, need not be decided. On that subject, see 23 R. C. L. 48; 4 Pomeroy's Eq. Jur. (4th ed.), 3810, § 1614; *American National Bank* v. *Robinson,* 141 *Ga.* 78 (80 S. E. 555). *Judgment reversed. All the Justices concur.*