18924.   COLLINS, by Next Friend, *v*. DACUS *et al.*

ARGUED APRIL 12, 1955—DECIDED SEPTEMBER 12, 1955.

*D. B. Phillips, H. E. Edwards,* for plaintiff in error.

*A. S. Grove, J. Winston Huff, Ben J. Camp, Thomas W. Starlin, Dudley Cook, Paul Webb, Jr., John L. Westmoreland, John L. Westmoreland, Jr., Zach D. Cravey, Jr., Marshall, Greene & Neely, Irvin Waldman,* contra.

MOBLEY, Justice. Manifestly the claim was for a loss insured against under Code (Ann.) § 56-301. The purpose of this statute was well stated by Judge Broyles in *Manufacturing Lumbermen's Underwriters* v. *South Georgia Ry. Co.,* 57 *Ga. App.* 699, 701 (196 S. E. 244), as follows: "Under the Code, § 56-301 et seq., nonresident fire [which also includes casualty] insurance companies, doing business in this State are required to deposit certain bonds with the treasurer of the State. These bonds are for the protection of the citizens of Georgia who have insurance with the nonresident company, and if the foreign company ceases to do business, the bonds remain in the State treasury until such company 'shall have settled all claims against it' in this State, and are subject to the claims of Georgia citizens under certain prescribed conditions. As long as there are any claimants to these bonds under the laws of Georgia, a receiver in Missouri would have no right to interfere with proceedings of the courts of Georgia instituted to assert the rights of a Georgia claimant in whose behalf the bonds were deposited with the State treasurer."

The Uniform Insurance Liquidation Act, adopted in Georgia in 1949, after the foregoing decision, provides: "The ancillary receiver shall, as soon as practicable, liquidate from their respective securities, those special deposit claims and secured claims which are proved and allowed in the ancillary proceedings in this State, and shall pay the necessary expenses of the proceedings. All re-

maining assets he shall promptly transfer to the domiciliary receiver." Code (Ann.) § 56-2204.

It is clear that under this act, where there is an ancillary receiver in Georgia, he shall liquidate the special-deposit claims which are proven and allowed in the ancillary proceedings, and in said proceeding the laws of the State of Georgia would apply.

Whether the claimant would be prohibited from sharing in the general assets of the company by reason of the denial of her claim by the domiciliary receiver in New York, from which no appeal was taken, is not before this court in this case. It would not bar her claim filed with the ancillary receiver for payment out of the special deposit in Georgia, as she excepted to the denial of her claim by the ancillary receiver, the auditor, and the superior court.

Counsel for the domiciliary receiver, by various motions to dismiss the claim and objections in the nature of demurrers, insist that, under the decisions of this court in *Globe & Rutgers Fire Ins. Co.* v. *Salvation Army*, 177 *Ga.* 890, 892 (172 S. E. 33), and *Carter* v. *Moyd*, 188 *Ga.* 753, 755 (4 S. E. 2d 837), Annie Jean Collins, not being a policyholder and having no judgment against the insurance company, is not within the class of persons holding a claim for a loss insured against under Code (Ann.) § 56-301 et seq. The above decisions are to the effect that the provisions of Code § 56-302 make a judgment against the insurance company a prerequisite to obtain a receivership. However, these decisions are not authority for holding that a judgment against the insurance company is likewise a prerequisite to bring a claimant (who intervened in a pending liquidation proceeding) within the class of persons holding a claim for a loss insured against.

In the instant case, the injury occurred in 1947. Suit was filed by the plaintiff, a minor, in 1951, after the appointment of the domiciliary and ancillary receivers for the insurance company and after claim had been filed by her with both receivers. The policyholder notified the insurance company when suit was filed against him, and one of the attorneys representing the ancillary receiver filed an answer on behalf of the policyholder. The record further discloses that the claimant attempted to collect from the policyholder, but was unable to do so because of his insolvency.

We have here a claim, duly and timely filed with the ancillary receiver, which is based upon injury sustained prior to receivership of the insurer, and on which judgment was obtained against the insured after receivership, without judgment against the insurer. Can this be the basis of an allowable claim against the insurer in a proceeding before the ancillary receiver of the insurance company? This is a question of first impression in Georgia and, so far as we can find, the exact situation has not been dealt with in other jurisdictions, although the case of In re International Re-Insurance Corp., 29 Del. Ch. 34, 43 (48 Atl. 2d 529), is very similar. There it was said:

"No inherent reason exists why a judgment against an assured recovered after the appointment of receivers for the insurer, and based upon an accident occurring prior to the receivership, should not serve as the basis of an allowable claim in the receivership. The law is settled that the claim of an assured should be allowed by receivers of an insolvent insurer, notwithstanding the fact the claim is based upon a judgment recovered against, and paid by the assured subsequent to the receivership of the insurer, if the event giving rise to the liability of the assured occurred prior to the receivership. American Casualty Insurance Company's Case (Boston & A. R. Co. v. Mercantile Trust & Deposit Co.), (1896) 82 Md. 535, 34 A. 778, 38 L. R. A. 97; Ross v. American Employers' Liability Ins. Co., (1897) 56 N. J. Eq. 41, 38 A. 22; In re Empire State Surety Co., (1915), 214 N. Y. 553, 108 N. E. 825.

"Exhaustive research has failed to uncover a single case which has involved the allowance of a claim by an injured party against an insolvent insurer, based solely upon a judgment recovered against the insured following the receivership of the insurer. The courts in this and other jurisdictions, however, have recognized that, as a general proposition, an injured party seeking to recover under an insolvency clause stands in the same position with respect to the insurer, as does an assured who has paid a judgment which an injured party has recovered against him, and thereafter looked to his insurer for reimbursement. Brooks Transp. Co. v. Merchants' Mut. Casualty Co., (1933) 6 W. W. Harr. (36 Del.) 40, 171 A. 207, 210; Coleman v. New Amsterdam Casualty Co., (1928) 247 N. Y. 271, 160 N. E. 367, 72 A. L. R. 1443, 1446; Seaboard Mut. Casualty Co. v. Profit, (4 Cir., 1940) 108 F. 2d 597, 598, 126 A. L. R. 1105."

The record in this case does not disclose whether the policy contained an insolvency clause. It probably did, as it seems to be a standard provision in casualty policies. However, we do not think it makes any difference, as the insolvency clause is only material where the contract is one of indemnity, that is, the insurer agrees to pay on behalf of the insured whatever he has to pay, or in other words indemnify him against whatever loss he sustains. If insolvent, and, for that reason, he had to pay nothing, the insurance company would not be required to indemnify him in the absence of an insolvency clause in its policy, or in the absence of statutory requirements, as was the case in In re Empire State Surety Co., 214 N. Y. 553 (108 N. E. 825).

The policy in the instant case contained the following provision: "To pay on behalf of the insured all sums which insured shall become obligated to pay by reason of liability imposed upon him by law for damages, including damages for car and loss of service, because of bodily injuries, including death at any time resulting therefrom, sustained by any person or persons, caused by accident and arising out of the ownership, maintenance or use of the automobile." Since this is a liability and not an indemnity policy, the ruling in the case of In re International Re-Insurance Corp., supra, would be applicable here.

Furthermore, "liability accrues on the occurrence of the injury or event on which the liability depends, and does not depend on the recovery of a judgment against the insured, which if recovered relates back to the date of the injury." *Williams Bros. Lumber Co.* v. *Anderson,* 210 *Ga.* 198, 202 (78 S. E. 2d 612).

As stated in In re International Re-Insurance Corp., supra (p. 45), "Since the decisions recognize that a judgment recovered against and paid by an insured, after the receivership of the insurer, must be recognized as the basis of a claim by the insured against the receivers of the insurer, the fact that an injured party bases his claim against an insolvent insurer, upon a judgment recovered against the assured after the appointment of receivers for the insurer, should not in and of itself prevent recognition of the claim by the receivers." This is particularly true in Georgia in view of Code (Ann. Supp.) § 22-1874, which provides that all corporations shall be continued for a term of three years after dissolution and until final disposition of all suits begun within

that time, where done for the purpose of winding up the business and not for the purpose of continuing the corporation.

In Riehle v. Margolies, 279 U. S. 218, 224 (49 Sup. Ct. 310, 73 L. ed. 669), it was said: "There is no reason why the character of the proof required in the receivership suit for any purpose should be different from that which would have been required had the judgment in the state court been rendered prior to the appointment of the receiver; or from that which would be required if an independent suit on the judgment were brought in the Federal court."

The reasoning in the cases of In re International Re-Insurance Corp. and Riehle v. Margolies, supra, is sound. It is applicable to the facts in this case and will be followed here.

In addition to the above, irrespective of whether the claimant is a creditor of the insured in a strict legal sense and ordinarily might be required to recover a judgment against the insurer, equity will not require a useless act (*The B-X Corporation* v. *Jeter*, 210 *Ga.* 250, 255, 78 S. E. 2d 790), and having all parties before it the court seeks to do complete justice. Code § 37-105.

In the light of what has been said, the auditor erred in his conclusions of law that no legal relationship existed between the claimant and the insurance company, and that the claim of Annie Jean Collins was not a claim against the special deposits placed in the hands of the ancillary receiver in compliance with Code (Ann.) § 56-301. Accordingly, the trial court erred in sustaining the objections of counsel for the domiciliary receiver and in disallowing the exceptions filed by the claimant to the conclusions of law of the auditor.

*Judgment reversed. All the Justices concur.*