23931. TRAVELERS INSURANCE COMPANY v. BAGWELL et al.

ARGUED FEBRUARY 14, 1967—DECIDED FEBRUARY 23, 1967.

*Greene, Buckley, DeRieux, Moore & Jones, J. Douglas Stewart,* for appellant.

*Ernest Bostick, Hansell, Post, Brandon & Dorsey, Hugh E. Wright, Barrington H. Branch,* for appellees.

ALMAND, Presiding Justice. In a suit by Thomas C. Bagwell versus John Ward Associates, Inc., wherein the plaintiff sought to recover damages for personal injuries sustained by reason of the defendant's alleged negligence, Travelers Insurance Company petitioned for leave to intervene. Applicant for intervention alleged that at the time of plaintiff's injury there was in effect a workmen's compensation insurance policy covering plaintiff as an employee of one Jim Vermilyea and that under an award of the State Board of Workmen's Compensation, it had paid plaintiff a stated amount of money. Further, the applicant for intervention alleged that it was subrogated to the rights of the plaintiff against the defendant as to all payments under the compensation award, previously made or to be made in the future, under Ga. L. 1963, pp. 141, 145 (*Code Ann.* § 114-403) which reads as follows: "Whenever any person is called upon to pay compensation, medical expenses and/or funeral expenses on account of injury or death compensable under this Act, and such person contends that a person or per-

sons other than the employer is liable to pay damages, on account of such injury or death, to the injured employee or those entitled to recover for the employee's death, such person called upon to make such payment may give to the persons contended to be so liable and to the injured employee or those entitled to recover on account of his death written notice of such contention and of the fact that the person giving notice is required to make such payment. Upon giving such written notice, the person called upon to make such payment shall be subrogated, to the extent of the compensation medical expenses and/or funeral expenses payable, to all rights arising out of the injury or death which the injured employee or those entitled to recover on account of his death shall have against such notified persons, and shall have a lien therefor against the net recovery of any judgment or settlement recovered by the injured employee or those entitled to recover on account of the employee's death against any of the persons so notified."

The plaintiff's oral motion to dismiss the application to intervene was sustained. The appeal assigns error on this order.

This court in *Travelers Ins. Co. v. Bumstead,* 180 Ga. 711, 713 (180 SE 729), in a case similar on its facts to the one at bar said: "It is true that in this Act it is provided that 'the party who has been called upon to pay the compensation shall be entitled to indemnity from the person so liable to pay damages as aforesaid, and shall be subrogated to the rights of the employee to recover therefrom, to the extent of the compensation,' and in this way the doctrine of subrogation is involved, and the application of the doctrine of subrogation of this kind involves certain equitable principles. Nevertheless they are not involved in such a way as to render this a 'case in equity' in the meaning of that expression in the Constitution defining the jurisdiction of the Supreme Court; nor does it fall under any of the other heads fixing the jurisdiction of this court. Consequently the case must be transferred to the Court of Appeals as the only court having jurisdiction." In *Complete Auto Transit v. Thompson,* 210 Ga. 182 (78 SE2d 520), it was ruled, "this case, being a plain suit for damages and involving also a question of subrogation under *Code Ann.* § 114-403 (Ga. L. 1922, pp. 185, 186;

1937, pp. 528, 530), as interpreted by later court decisions, comes within the jurisdiction of the Court of Appeals and not the Supreme Court. *Code Ann.* §§ 2-3704, 2-3708. Accordingly, it must be transferred to the Court of Appeals." The instant case must travel the same route as these other cases.

*Transferred to the Court of Appeals. All the Justices concur.*